HENRY H. LEWIS *vs.* WILLIAM L. CORBIN.

Suffolk. March 22, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Statute. Devise and Legacy. Fraud. Will. Pleading, Civil,* Declaration.

R. L. c. 135, § 21, which provides that, when a devise or legacy is made to a child or other relation of the testator who dies before the testator, leaving issue surviving the testator, such issue shall take the gift unless the will requires a different disposition of it, is applicable to a devise or legacy given to a relation who died before the making of the will.

*Semble* that an action of tort is maintainable in this Commonwealth by the son of one to whom a testator intended and attempted by a codicil to his will to give a legacy against one who by fraud practised upon the testator induced him to execute the codicil in a manner to make it void, if it appears that the plaintiff's father at the time of the making of the codicil was not living but that neither the defendant nor the testator knew that fact, and if it further appears that up to the time of the testator's death his intention to give the legacy continued unchanged and the fraud of the defendant continued to operate, and that

there was sufficient property left by the testator at his death to pay the intended legacy in part at least.

A declaration alleged that the defendant was the executor and residuary legatee named in a certain will, that the testatrix had formed a purpose to give a legacy to the plaintiff's father, a relation of the testatrix, that the testatrix was over eighty years of age and relied upon the defendant for advice and assistance in matters of business and that he occupied a confidential relation toward her, that, intending by fraud to defeat the wish of the testatrix and to deprive the father of the plaintiff and his heirs of the legacy intended to be given by her, the defendant advised and procured her to execute a codicil void for lack of witnesses, that at the time of the attempted making of the codicil by the testatrix the plaintiff's father was dead, but that neither the defendant nor the testatrix knew that fact, that the testatrix died, leaving an estate sufficient to pay a substantial portion of the legacy, that her will was proved but the codicil was disallowed. On demurrer to the declaration, it was *held,* that the demurrer should be sustained because there was no allegation that, up to the time of her death, the intention of the testatrix to give a legacy to the plaintiff's father continued unchanged and that the fraud of the defendant continued to operate.

TORT. Writ in the Superior Court for the county of Suffolk dated July 20, 1906.

The declaration, excepting copies of the will and codicil which were annexed to and made a part of it, was as follows:

" The plaintiff says that he is a son and one of the heirs at law of Henry Grosvenor Lewis, late of Baltimore in the State of Maryland, deceased, and that the said Henry G. Lewis was a second cousin and a blood relative of Jane Virginia Corbin, late of Boston in the County of Suffolk, deceased, the grandfather of the said Henry G. Lewis having been a brother of the grandmother of the said Jane V. Corbin; that said Jane V. Corbin (hereinafter called the testatrix) died at said Boston on or about the first day of May A. D., 1904, and that on the sixteenth day of May A. D., 1904 the defendant filed for probate in the Probate Court for said county an instrument purporting to be the last will of said Jane V. Corbin and an instrument purporting to be a codicil to said last will; that said will was proved and allowed and said codicil was disallowed by said Court on the twenty-fourth day of June A. D. 1904, as by the record thereof in said Court appears.

" The plaintiff further says that by the terms of said will the defendant was given a legacy of twenty thousand dollars and was made residuary legatee and executor of the estate of the testatrix, and that these facts were known to defendant at the time of the making and execution of the codicil as hereinafter

stated; that on the tenth day of August A. D. 1903, at Newport in the State of Rhode Island, the defendant at the request of the testatrix drew up said codicil, whereby the testatrix bequeathed the sum of five thousand dollars to said Henry G. Lewis, plaintiff's father, who at this time was dead, his death being unknown both to the testatrix and to defendant.

" The plaintiff further says that at the time of the execution of the codicil, the said Jane V. Corbin was over eighty years old and depended upon the defendant for advice and assistance in business matters, and that said defendant occupied towards her a confidential relation.

" The plaintiff further says that defendant, wrongfully and fraudulently intending and contriving to defeat the will and intention of the testatrix and to deprive and defraud said Henry G. Lewis and his heirs and legal representatives of the sum of five thousand dollars, intended to be bequeathed by the testatrix as aforesaid, did advise and procure the testatrix to execute said codicil, in the presence of only one witness, to wit, the defendant, whereas the laws of Rhode Island in force at the time of the execution of said codicil required the execution of said codicil in the presence of more than one witness, as defendant well knew.

" The plaintiff further says that the estate of the testatrix disposed of by said will amounted to a large sum of money to wit, the sum of one hundred and seventy-five thousand dollars, and was nearly or quite sufficient to pay all the legacies given thereunder, and that if said codicil had not failed and been disallowed for want of due attestation, owing to the fraud practised by defendant, as hereinbefore stated, the plaintiff, as one of the heirs of said Henry G. Lewis and a distributee under the provisions of said codicil and the laws of the Commonwealth of Massachusetts and of the State of Maryland would have been entitled to receive and would have received the sum of sixteen hundred and fifty dollars more or less."

The defendant demurred and stated as grounds of his demurrer the following :

1. Because said plaintiff has not in and by his declaration set forth a legal cause of action.

2. Because said plaintiff in and by his declaration has not

shown that the defendant is under any liability to him or that the plaintiff has sustained any damage.

3. Because it appears that at the time said codicil was made Henry G. Lewis, a legatee therein named, was dead.

4. Because it appears that the plaintiff would have had no beneficial interest under said codicil if the same had been duly executed.

There was a hearing before *Gaskill,* J., who overruled the demurrer and reported the case for determination by this court.

*H. G. Allen,* for the defendant.

*W. H. Garland,* for the plaintiff.

KNOWLTON, C. J. This is an action of tort in which the defendant is charged with having deprived the plaintiff of a legacy, through his fraud in inducing a testatrix to execute the codicil by which the legacy purported to be given with only one witness, whereby the codicil was rendered invalid. The legatee named in the codicil was the plaintiff's father, who had deceased before the codicil was made, although neither the testatrix nor the defendant then knew of his death.

One question is whether this legacy, which would be void at common law, (see *Maybank* v. *Brooks,* 1 Brown Ch. 76; *Dildine* v. *Dildine,* 32 N. J. Eq. 78, 80; *Moss* v. *Helsley,* 60 Tex. 426, 436,) is within the R. L. c. 135, § 21, which provides that when a devise or legacy is made to a child or other relation of the testator who dies before the testator, leaving issue surviving the testator, such issue shall take the gift unless the will requires a different disposition of it.

This court, in *Paine, petitioner,* 176 Mass. 242, held, without discussion of this statute, that a legacy " to the children of my deceased brothers and sisters " went in part to the issue of one of these children who had died before the making of the will, and it is therefore an authority in favor of the plaintiff's contention. In *Nutter* v. *Vickery,* 64 Maine, 490, and *Moses* v. *Allen,* 81 Maine, 268, the subject was considered, and a statute which is substantially the same as this was held to include legacies to persons who had died before the making of the will. *Brookhouse* v. *Pray,* 92 Minn. 448, is to the same effect. See also, for similar decisions, *Minter's appeal,* 40 Penn. St. 111; *Winter* v. *Winter,* 5 Hare, 306; *Mower* v. *Orr,* 7 Hare, 473. We are

of opinion that the purpose of the Legislature is best accomplished by holding the statute applicable to devises and legacies given to relations who died before the making of the will, as well as legacies and devises to those who died after the making of the will.

The defendant relies upon *Lindsay* v. *Pleasants,* 4 Ired. Eq. 320, 323; *Scales* v. *Scales,* 6 Jones Eq. 163, 166; *Twitty* v. *Martin,* 90 N. C. 643, 646; *Bettingsly* v. *Tongue,* 9 Md. 575, and *Almy* v. *Jones,* 17 R. I. 265, 270. The statutes in North Carolina and in Maryland, under which these cases arose, use the word " lapse," and they contain provisions which indicated to the court an intention of the Legislature to recognize a distinction between legacies that might lapse and those that would be void at common law. In Rhode Island the statute applies only when a " person having a devise or bequest . . . shall die before the testator." This language was held inapplicable to one who died before the devise or bequest was made.

The defendant contends that the plaintiff's declaration fails to aver damage suffered by him on account of the defendant's misconduct. It is true, as he argues, that in order to create a liability of this kind, there must be, not only a wrong inflicted by the defendant, but damage to the plaintiff resulting directly therefrom. *Lamb* v. *Stone,* 11 Pick. 527, 534, 535. *Wellington* v. *Small,* 3 Cush. 145, 149. *Bradley* v. *Fuller,* 118 Mass. 239, 241. See also *Jenks* v. *Hoag,* 179 Mass. 583, 585·; *Freeman* v. *Venner,* 120 Mass. 424, 426, 427; *Adler* v. *Fenton,* 24 How. 408, 410.

In this case the averments are, in substance, that the defendant was the executor and residuary legatee named in a will of one Jane V. Corbin, and that she formed a purpose to give a legacy of $5,000 to Henry G. Lewis, the plaintiff's father, who was her second cousin, that she was over eighty years of age, and, for advice and assistance in matters of business, was dependent upon the defendant, who occupied a confidential relation towards her, that, wrongfully and fraudulently intending and contriving to defeat her will and intention, and to deprive and defraud Henry G. Lewis and his heirs of the sum of $5,000, he advised and procured the testatrix to execute a codicil to her will in the presence of only one witness, namely,

the defendant, whereas the law of Rhode Island required the execution of the codicil in the presence of more than one witness, as the defendant well knew. It is then averred that the estate of the testatrix was large, and that, if the codicil had not failed for want of due attestation owing to the fraud practised by the defendant, the plaintiff would have received about $1,650.

Whether a person named as legatee has a remedy, in a case like this, is a question which, so far as we know, has never been decided in this Commonwealth. See *Melanefy* v. *Morrison*, 152 Mass. 473, 476. The testatrix, desiring to give the legacy and intending to express her desire in a way that would be effectual after her death, unless in the meantime she should change her purpose, was fraudulently induced to express it ineffectually, when she supposed that she had made a legal and valid codicil. Plainly such fraudulent conduct was a wrong upon the plaintiff as well as upon the testatrix. The question in the case is whether the plaintiff has averred sufficient facts to show that damage resulted to him directly as a consequence of the wrong. The defendant relies strongly upon *Hutchins* v. *Hutchins*, 7 Hill, 104,. decided by the Supreme Court of New York. The declaration in that case charged that the plaintiff's father had made a will devising a farm to the plaintiff, and that the defendants, who were interested in the testator's estate, he being a feeble man, advanced in years and incapable of transacting business, fraudulently induced him to make another will in which the devise to the plaintiff was omitted. The case was heard on a demurrer. The court said, " Fraud without damage, or damage without fraud gives no cause of action ; but where both concur, an action lies. . . . The only foundation of his claim rests upon the mere unexecuted intention of his father to make a gift of the property, and this cannot be said to have conferred a right of any kind. To hold otherwise and sanction the doctrine contended for by the plaintiff would be next to saying that every voluntary courtesy was matter of legal obligation, and that private thoughts and intentions concerning benevolent or charitable distributions of property might be seized upon as the foundation of a right which the law would deal with and protect. . . . But the law applicable to the cases referred to proceeds upon the ground that the plain-

tiff, by the wrongful act complained of, has been deprived of the present actual enjoyment of some pecuniary advantage. No such damage can be pretended here. At best the contemplated gift was not to be received until after the death of the plaintiff, or the testator might change his mind, or lose his property." This case has been cited with approval in this Commonwealth and elsewhere. *Randall* v. *Hazelton*, 12 Allen, 412, 416. *Emmons* v. *Alvord*, 177 Mass. 466, 471. *Adler* v. *Fenton*, 24 How. 408, 410. We have been referred to no other decision upon similar facts, and we have found no other. It seems pretty plain that, if a suit were brought in the lifetime of the testator, immediately after the practice of the fraud, no substantial damage could be recovered. Very likely the court was right in deciding that no action could be maintained. The plaintiff's relation to the subject to which the fraud was directed was not close enough to cause him pecuniary loss, apart from the happening of subsequent events. Even if there were no fraud the legacy might never take effect. The testator might lose his property, or destroy his will, or make a different one. But the fraud put the plaintiff in a less advantageous position than he otherwise would have occupied in reference to the probability of receiving property under the will, and this change of position, accomplished by a fraud, naturally and probably might deprive him of that which, with fair dealing, he would receive. It seems to us that, while the fraud does not cause substantial damage apart from the happening of subsequent events which reasonably may be expected to happen, if these do happen the defendant is chargeable with the natural consequences of his act. Suppose, in the present case, that the testatrix did not change her purpose to give the legacy of $5,000 to Henry G. Lewis, and that for the rest of her life she desired and intended that this legacy should take effect, and thought that it would take effect. The fraud then would be operative up to the time of her death, and would accomplish the result intended by its author, by depriving the legatee of that which otherwise he would have received. It is averred that the testatrix left an estate sufficient to pay all or nearly all of this legacy, with the others. If the facts supposed above are proved, does it not follow that the fraud directly and proximately caused the plain-

tiff's loss of his legacy? The defendant cannot complain that these supposed facts followed as conditions concurring with his fraud to cause the damage. His fraud was planned in reference to the probability that these events would follow. In *Hutchins* v. *Hutchins, supra,* there was no averment to show that the fraud was operative up to the time when the title to the property was changed by the death of the testator. The court treated the case as if the testator might have changed his purpose as to the disposition of his estate, for reasons of his own, independently of the fraud.

While the declaration in the present case declares a result which might justify an inference that the loss was caused by the fraud alone, the averment seems hardly more than a statement of a conclusion of law from the facts given previously. Upon demurrer we think the pleading is defective in not averring facts which exclude the possibility that the testatrix changed her purpose in regard to this legacy, and which show that the fraud continued operative to the time of her death, and thus caused the loss to the plaintiff.

We think the charge of fraud is a sufficient statement of an actionable wrong. It charges much more than an expression of opinion by which the testatrix was misled. The defendant is accused of having dealt with a matter of fact, and with having fraudulently procured the making of the codicil without sufficient attestation of it.

We infer from the record that the testatrix was domiciled in Massachusetts, and that the construction of the will is governed by the law of this State. *Welch* v. *Adams,* 152 Mass. 74, 79. *Sewall* v. *Wilmer,* 132 Mass. 131, 136.

*Demurrer sustained.*