**HEGARTY v. HEGARTY et al.**

**No. 1477.**

District Court, D. Massachusetts.

July 21, 1942.

John E. Hegarty, of Washington, D. C., and Lester W. Cooch, of Boston, Mass., for plaintiff.

James F. Carens, of Newburyport, Mass., for defendants.

FORD, District Judge.

The plaintiff here is a resident of the District of Columbia and the defendants are residents of the Commonwealth of Massachusetts.

The complaint alleges that one Patrick Hegarty died in Massachusetts on April 27, 1941, and that the plaintiff and defendants were his three surviving children. The complaint, in substance, further alleges that from January 9, 1939, to his death, the deceased, who was possessed of considerable personal and real property, was in-

duced through fraud and undue influence on the part of the defendants to transfer all of his property to the latter with the intention of obtaining for themselves all the decedent's property and wrongfully defeating the plaintiff's right of inheritance. The acts complained of occurred in Massachusetts.

The defendants filed a substituted motion to dismiss on the grounds that this court lacks jurisdiction over the subject matter and further that the plaintiff has not stated a claim upon which relief may be granted —the ground that the proper diversity does not exist being waived.

■ Massachusetts law being applicable, the motion is denied with respect to the contention that a cause of action has not been stated on the authority of Ross v. Wright, 286 Mass. 269, 190 N.E. 514, 98 A.L.R. 468, and Lewis v. Corbin, 195 Mass. 520, 81 N.E. 248, 122 Am.St.Rep. 261; cf. Restatement, Torts, § 912, Subdiv. f, Ill. 13.

■ The plaintiff denies he is seeking any sort of an accounting (cf. Commonwealth Trust Company of Pittsburgh et al. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920) stating in his brief that he relies on Lewis v. Corbin, supra. If so, he should amend his complaint, drawn originally and loosely by the plaintiff on his own behalf, in order there will be no question, as he claims, that his action is one at law sounding in tort, and that he seeks a judgment in personam within the principles of the Lewis case. This will dispose of the contention of the defendants that the plaintiff's action is one for some sort of accounting affecting the property of the deceased and, consequently, a matter within the jurisdiction of the state probate court.

(See paragraph 8 of the plaintiff's complaint). Cf. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80.

As the complaint is now drawn it is not too clear that it alleges the fraud was operative at the time of the death of the deceased. It will be noted the court intimates in Lewis v. Corbin, supra, 195 Mass. page 527, 81 N.E. 248, 122 Am.St.Rep. 261, that it would have decided Hutchins v. Hutchins, 7 Hill, N.Y., 104 (strongly relied on by the defendants) differently if there was an averment in that case to show the fraud was operative up to the time when title to the property was changed by the death of the testator. It seems apparent that the plaintiff cannot recover in this case if he fails in his proof that the fraud was so operative, because in that event he would have suffered no damage.

■ The motion should also be denied with respect to the contention that this court lacks jurisdiction over the subject matter. The federal courts have taken jurisdiction of suits seeking personal judgments against fiduciaries where no accounting—a matter for the probate court—has been sought (Waterman v. Canal-Louisiana Bank & Trust Co., supra) and also where an accounting has been sought which did not affect the res. Commonwealth Trust Company of Pittsburgh et al. v. Bradford, supra. I see no reason to hold that this court should not take jurisdiction of the subject matter involved here. Cf. Kittredge v. Stevens et al., 1 Cir., 126 F.2d 263.

The substituted motion to dismiss is denied with the right reserved to the plaintiff to amend his complaint.