## HEGARTY v. HEGARTY et al.
### Civil Action No. 1477.

District Court, D. Massachusetts.

Oct. 18, 1943.

William H. Hoover, and John E. Hegarty, both of Washington, D. C., and Edmond J. Donlan, of Boston, Mass., for plaintiff.

James F. Carens, of Newburyport, Mass., for defendant.

WYZANSKI, District Judge.

Mr. Foreman and Gentlemen of the Jury: The case to which you and I have been listening for the last six days is

technically known as an action of tort for malicious interference. Stated very simply, the plaintiff, Dr. John Hegarty, charges that the two defendants, Denis Hegarty and his sister Mrs. Golden, deprived him improperly of a fair share which he otherwise would have had from his father Patrick's estate.

I am going to state the issue a little more technically than I stated it then. The plaintiff charges that his brother and sister intentionally and by unlawful means interfered with his right to receive what the father Patrick Hegarty would have given or left to Dr. Hegarty if they hadn't interfered.

This is a peculiarly difficult type of case. It is difficult on the facts, which are very complicated, and it presents a novel point of law which is in some respects unprecedented in this state.[1] The case is one that has had sordid details and has been a very difficult case for everyone associated with it. I should like to pay a compliment to the counsel in this case—the admirable manner in which they have handled a difficult problem. As you know, you have sat here through six different days without a stenographer and we have had only one set of questions to which there were any exceptions at all. That would be a remarkable record under any circumstances, and particularly remarkable in a case where there was so much feeling and naturally so much passion.

Now this is the first case that you have sat on as jurors at this term of court and I want to say something about your role as jurors before I say anything more about the law of this case. You are to judge the credibility, that is, the truthfulness, of the witnesses. You are to judge the facts. You are to decide what is the correct story, what is the correct version of the facts. With respect to the law, the Court instructs you. Of course, I may make an error. If I make an error, it will be corrected by an appellate court, but what I tell you as a matter of law you are required to apply to the facts as you find them. In other words, the instructions on the law which I give you are binding and you apply those instructions to the facts.

Now I am going to state again what is

the central problem in this case. The problem is whether Denis Hegarty and Ruth Hegarty intentionally interfered by unlawful means with the right that Dr. John Hegarty would have to receive whatever Patrick Hegarty, if not interfered with, would have given or left to Dr. John Hegarty.

Now I am going to explain that main problem by pointing out to you that there are three different types of questions which you will have to consider. First, you will have to consider this: If no one interfered with Patrick Hegarty, what would have been the value of the property, if any, that he would have given or left to Dr. John Hegarty? Second, you have to consider, did Denis Hegarty or Ruth Hegarty Golden or both of them intentionally interfere with Patrick Hegarty giving or leaving property to Dr. John Hegarty? And third, you will have to consider, did Denis Hegarty or Ruth Hegarty Golden or both of them use unlawful means to interfere with Patrick Hegarty giving or leaving property to Dr. John Hegarty? I am going to consider each of those questions somewhat in detail and I think it will aid you if each of you has before him those three questions which seem to me to be the central questions in the case. So I am going to ask the clerk to hand to the foreman and to each member of the jury and to counsel on each side copies of these three questions on which my charge is going to be based. [Clerk hands the following three questions to the jurors:]

1. If no one interfered with Patrick Hegarty, *what would have been* the value, including interest, of the property, if any, that he would have given or left to Dr. John Hegarty?

2. Did Denis Hegarty or Ruth Hegarty Golden or both of them *intentionally interfere* with Patrick Hegarty giving or leaving property to Dr. John Hegarty?

3. Did Denis Hegarty or Ruth Hegarty Golden or both of them use *unlawful means* to interfere with Patrick Hegarty giving or leaving property to Dr. John Hegarty?

Now if you look at the first question, you see it reads as follows: If no one interfered

---

[1] Compare Ross v. Wright, 286 Mass. 269, 190 N.E. 514, 98 A.L.R. 468; Lewis v. Corbin, 195 Mass. 520, 81 N.E. 248, 122 Am.St.Rep. 261.

Compare A. L. I., Restatement, Torts, § 870 Comment (b) Illustration 2.

with Patrick Hegarty, what would have been the value, including interest, of the property, if any, that he would have given or left to Dr. John Hegarty? Now observe what the precise issue is. The issue is, what would Patrick Hegarty have given? The question is not what you would give if you weren't interfered with, or what I would give if I weren't interfered with.

The question is, what would Patrick Hegarty have given if he hadn't been interfered with, assuming he was interfered with? The question isn't what Denis Hegarty received. The question isn't what Ruth Hegarty received. The question is, what Patrick Hegarty would have given to his son Dr. John Hegarty? Now, in considering that, you of course have to consider both what property Patrick Hegarty would have had at his death if not interfered with and what he would have given to his son Dr. John Hegarty if he hadn't been interfered with.

Patrick Hegarty is not bound by law to give to his son after he reaches the age of maturity anything either in life or in death. That is to say, Patrick Hegarty was free to give all his property to other relatives or to strangers. He could make a gift during his lifetime, or he could make a gift in his will, which cut out his son Dr. John Hegarty entirely if he wanted to do so. And the question which I first put to you is what would have been the value of the property, if any, that Patrick Hegarty would have given or left to John Hegarty, Dr. John Hegarty.

Remember, there is no absolute statutory legal obligation requiring Patrick to give anything. The question is what he would have given if he were free, assuming he was entirely free of any outside interference. You can take into account all the testimony you have heard. The plaintiff offered evidence that Patrick Hegarty said to various people in Washington that he wanted his estate to go in three equal parts to his three children. And under the law of Massachusetts if Patrick Hegarty had property at his death and died without a will leaving three children, the property would have been left in equal parts to each of the children so that each would have had one-third. Now of course that is the plaintiff's story. The defendants take a different view. The defendants take the position that Patrick Hegarty was never interfered with, and what he would

have left is exactly what he did leave— nothing at all to his son Dr. John Hegarty. Now you are to take into account both those contentions and you are to decide for yourselves if no one interfered with Patrick Hegarty, what would have been the value, including interest, of the property, if any, that he would have given or left to Dr. John Hegarty? I will explain the phrase "including interest" later.

Now let us look at the second question. The second question is, did Denis Hegarty or Ruth Hegarty Golden or both of them *intentionally interfere* with Patrick Hegarty giving or leaving property to Dr. John Hegarty? Note that I have italicized the words "intentionally interfere". In order to find against the defendants you would have to find that they not only interfered but that they knew they were interfering.

Now someone might accidentally drop a remark to a donor which would cause him to change his will or change the disposition of the property he is going to leave behind him. If he merely does it accidentally without thought of its effect, without purpose or intent, he cannot be held liable in an action for malicious interference.

In considering that second question as to whether Denis Hegarty or Ruth Hegarty Golden intentionally interfered, you will have to decide not only whether they intended to interfere but whether they actually accomplished their purpose and did interfere.

Of course, if a man is old and not in good health, it may be easier to interfere than if he were young and vigorous. But even a man who is young and vigorous might be intentionally interfered with. I do not suggest to you that Patrick Hegarty was so old or so weak that he could be easily interfered with. That is an issue for you to decide. The plaintiff says that Patrick Hegarty in his last years was weak physically or weaker than he had been and he was weak mentally as a result of the illness he had contracted. The defendants make the opposite contention. And you will recall the defendants brought to the stand the doctor who attended Patrick Hegarty and the doctor said, as other witnesses said, that he saw no evidence whatsoever in this particular case that Patrick Hegarty was affected by his illness but he said that in many cases, indeed he said in most cases, cancer of the prostate gland would affect the mental condition.

Let me repeat, on this second phase of the case you are asked to consider, did Denis Hegarty or Ruth Hegarty Golden or both of them intentionally interfere with Patrick Hegarty giving or leaving property to Dr. John Hegarty? And it will be necessary for you to deliberate as to whether there was intent to interfere and whether there was actual interference.

Now I come to the third question on the piece of paper in front of you. Did Denis Hegarty or Ruth Hegarty Golden or both of them use *unlawful means* to interfere with Patrick Hegarty giving or leaving property to Dr. John Hegarty?[2] You will see that I have italicized the words "unlawful means". Now not all means are unlawful. Some are lawful and some are unlawful and I shall try to define the difference.

■ It is perfectly lawful and proper for anybody to tell somebody who is about to give property true facts about the prospective recipient. It is perfectly proper to give arguments as to why somebody should be given property or why somebody should not be given property. For instance, applying it to this case it would not be improper for a child to say to his father, "I have supported you all my life and you ought to give me a little more than you give my brother who has not supported you." It would be perfectly proper to say to a father, "Most family estates are divided equally among the children and I think you should give me an equal share." Either argument would be perfectly proper and neither one could be regarded as unlawful means.

■ What are unlawful means? Unlawful means include duress, fraud, or undue influence. Duress is the application of force. If, for instance, you went to your father who was an old man and threatened to deny him food or clothing or shelter unless he gave you more then he gave some other member of the family, that would be duress.

What would be fraud? Fraud would be a conscious misrepresentation of what the facts were in an attempt to mislead the prospective donor of the property. Now you will recall that in one of the arguments addressed to you by defendant counsel he referred to the case of Jacob and Esau in the 27th Chapter of Genesis, and you will recall that in that Chapter Jacob appearing before Isaac deliberately deceived him into thinking that he (Jacob) was Esau. You will recall the famous line in which the father Isaac said: "The voice indeed is the voice of Jacob but the hands are the hands of Esau." Now that would be an example of fraud. That is to say, Jacob deliberately deceived his father Isaac by giving him an erroneous impression. Fraud, like duress, would be an improper and unlawful means.

■ Now there is another type of unlawful means to which I ought to refer, and that is undue influence. What is the difference between fraud and undue influence? Fraud assumes that the person who is deceived still fully possesses his will-power but is misled by a misrepresentation. In undue influence the person who is to make the gift is coerced and loses his will. He becomes subject to somebody else who is dominant.[3] In considering whether a person is subject to undue influence, you have to consider carefully the relation between the parties. Mere flattery does not make a man subject to undue influence. But if one person so dominates the life of the other or constantly makes suggestions to a point where he really interferes with the other's freedom, if he badgers the other person, if he importunes him, if he makes life unbearable for him unless he follows his suggestions, then that would constitute undue influence.[4] Now you are to decide in this case whether or not either or both the defendants Denis Hegarty and Ruth Hegarty Golden used unlawful means to interfere with their father making a disposition. And as I said to you a moment ago, unlawful means would include duress or fraud or undue influence.

[2] It would seem that under Massachusetts law it is part of the plaintiff's affirmative case to show that the defendants used unlawful means. Ross v. Wright, 286 Mass. 269, 273, 274, 190 N.E. 514, 98 A.L.R. 468. But see 286 Mass. at page 276, lines 14–18, 190 N.E. at page 517, column 2. Compare Restatement, Torts, § 890 Comment (c) which may indicate however, that in most states the defendants have the burden of showing that their conduct was within their privilege to further their own interests.

[3] Compare Wellman v. Carter, 286 Mass. 237, 253, 190 N.E. 493.

[4] Compare Neill v. Brackett, 234 Mass. 367, 126 N.E. 93.

■ Now there are a few miscellaneous matters to which I ought to refer in addition to what I have already said. I said I would make comment on the phrase "including interest" which appears in the first question. Now I am going to give you a hypothetical case just to illustrate the phrase. Suppose I were about to make a will today in 1943, giving John Jones $100. I am dissuaded from making that gift by somebody telling me that John Jones is dead. The fact is that John Jones is very much alive. The person who told me that he was dead just didn't want John Jones to have the gift. And in 1945 I die, and in 1948 suit is brought against the person who gave the information whom I will call Smith. Jones brings suit against Smith saying that if it hadn't been for Smith's malicious interference in 1943 Judge Wyzanski would have made a will giving Jones $100. Let us assume that the jury believes the charge and finds in favor of Jones and against Smith. Under those circumstances Jones would be entitled to $100 plus interest, not from 1943 when he interfered, but from 1945 when in my hypothetical case I died and the will would have taken effect. In other words, you measure the interest, not from the time of interference, but from the time when the interference becomes effective in denying to a man what he would otherwise get.[5] In calculating the interest you are entitled to calculate at six per cent.

■ There is a second miscellaneous point I should make clear. You cannot find in favor of the plaintiff unless you find that the defendants not only interfered maliciously, that is to say, intentionally and by unlawful means, but you must also find that that interference was continuously operating, that is to say, it was effective at the time that the gift otherwise would have taken place. Let me give an illustration. Let me go back to our friends Jones and Smith. Let us suppose Jones is a man to whom I was going to give $100 and Smith persuades me not to give Jones $100. He did by malicious interference persuade me in 1943 that Jones was dead. Then in 1944 I learned that Jones was alive and I also learned in the meantime that he had been in jail and I would not have left the money to Jones anyhow because I knew he was in jail. Under those circumstances Smith would not be liable to Jones because the reason that I did not make the gift to Jones was not the lie that Smith told but the fact that I learned that Jones was alive and had been in jail.

The next miscellaneous point to which I must draw your attention is the fact that in this case two defendants are being sued, Denis Hegarty and his sister Mrs. Ruth Hegarty Golden. You may find a different verdict in the case of each defendant. That is, you can find one responsible and not the other, or you can find both responsible, or you can find neither responsible, and at the conclusion of my charge I will hand to the foreman forms of verdict which make it plain that you can come in with a verdict in favor of the plaintiff against both or either or against neither defendant.

■ Throughout this case the plaintiff Dr. John Hegarty has the burden of proof. That is to say, he has the burden of persuading you. If you are doubtful as to what the answer to the issue put before you is, you must decide in favor of the defendants. The plaintiff has the burden of persuading you. The defendants do not have that burden.

There is one other thing which I believe I can properly say, and that is that in a case of this sort there is a temptation not only for the parties, the counsel and the Court but also for the jury to allow one's feelings to run away with him. I said, and I deliberately said, that I thought in the presentation of the case admirable self-restraint had been shown. I hope that when you get into the jury room you will show the same dignity. It is a hard case to try. It is a test not only of the witnesses and the counsel and the Court but it is a test of the dignity and nobility of the jurors. I have no doubt that you will perform your functions with high credit.

Do counsel have any suggestions to make?

Counsel have properly brought to my attention the fact that I referred to the prostate condition of Mr. Patrick Hegarty. That condition resulted in the hospitalization of Mr. Hegarty one and a half years after March 1939 when gifts or assignments of bank books and the deed to the Spring Street house occurred.

[The jury returned a verdict for the defendants.]

---

5 Restatement, Torts, § 913(1) (b).