EMMA FLORENCE BRIGNATI vs. ALICE L. MEDENWALD.

Essex. November 12, 1942. — March 6, 1944.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Undue Influence. Will, Validity. Actionable Tort. Practice, Civil:*
Ordering verdict.

Irrespective of whether any action relating to an alleged will had been sought or been had in a Probate Court, an action of tort could not be maintained by the decedent's sole heir and next of kin, who by the provisions of the instrument was not given any part of the estate, against one who was alleged to have procured the making of the instrument by the exercise of undue influence.

An exception by the plaintiff to the ordering of a verdict for the defendant after the opening statement of counsel for the plaintiff was overruled, where the bill of exceptions did not show what was stated in the opening and the declaration did not set forth a cause of action.

TORT. Writ in the Superior Court dated February 5, 1940.

The case was heard by *Warner,* J. In this court it was submitted on briefs.

*J. B. Bagdoian,* for the plaintiff.

*J. H. O'Neil,* for the defendant.

RONAN, J. This is an action of tort. The third count of the declaration, with which we are now concerned, alleges that the plaintiff was the only child and heir of Chester H. Janvrin; that "she had a claim to his remembrance, to his bounty, and was entitled to inherit the estate of her said father, through the natural course of events; that the defendant, during the last year of her father's life, kept her father in the defendant's home and while her father was in the defendant's home as aforesaid, denied the plaintiff and other relatives of the late Chester H. Janvrin from seeing him; that the defendant exercised undue and improper influence on him; that the defendant talked to the plaintiff's father against the plaintiff and so influenced the mind of the said father as to cause the father to be under the delusion that his only daughter was against him and unfriendly

to him and thus caused the father to make a will favorable to the defendant and unfavorable to the plaintiff and thus deprived the plaintiff, his only daughter, who had a natural claim to his bounty, of all benefits of her father's estate all to her great damage as alleged in her writ." After the plaintiff's counsel had made an opening to the jury, the judge, subject to the plaintiff's exception, directed the jury to return a verdict for the defendant on the ground that the count did not set forth a legal cause of action.

We do not know what counsel said to the jury in his opening remarks. If his opening statement demonstrated that he intended to offer evidence which, if believed, would constitute a cause of action, he could have requested an opportunity to amend the count, but the record does not show that he sought an amendment. *Energy Electric Co., petitioner*, 262 Mass. 534. *Gray* v. *Boston*, 277 Mass. 166. *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519. And notwithstanding any action that might previously have been taken by some other judge sustaining the sufficiency of the count as a pleading, *Peterson* v. *Hopson*, 306 Mass. 597, the judge hearing the case on the merits could direct a verdict for the defendant if the facts alleged or offered in proof did not constitute a cause of action. *Oulighan* v. *Butler*, 189 Mass. 287, 289. *Murphy* v. *Russell*, 202 Mass. 480, 481. *Mitchell* v. *Lonergan*, 285 Mass. 266, 271.

The wrong complained of is the procurement of a will in the defendant's favor by the exercise of undue influence upon the plaintiff's father, which the plaintiff alleges resulted in depriving her of "all benefits of her father's estate." The instrument executed by her father could not have transferred any of the estate to the defendant or deprived the plaintiff of any part of the estate unless it had been admitted to probate. G. L. (Ter. Ed.) c. 191, § 7. *Solis* v. *Williams*, 205 Mass. 350, 355. The only method provided by our law for the ascertainment of the validity of an instrument purporting to be the last will of a resident decedent is by a decree of the Probate Court for the county in which the decedent was domiciled at the time of his death, *Kennedy* v. *Simmons*, 308 Mass. 431; *Slater* v. *Mun-*

*roe,* 313 Mass. 538, and the allowance or disallowance of the instrument as a will is final and conclusive upon all the parties. *Farquhar* v. *New England Trust Co.* 261 Mass. 209. *Hogarth-Swann* v. *Weed,* 274 Mass. 125. If this will was admitted to probate over the objection of the plaintiff, she would have no right, while such a decree stood, to litigate that question again in this action of tort. *Brigham* v. *Fayerweather,* 140 Mass. 411. *Sly* v. *Hunt,* 159 Mass. 151. *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567.

On the other hand, if the Probate Court has refused to admit the instrument to probate on account of the exercise of undue influence of the defendant upon the plaintiff's father, then the wrongful conduct of the defendant could not have deprived the plaintiff of any part of her father's estate. The wrong charged could not have caused the damage claimed. If the instrument had never been filed in the Probate Court — although the plaintiff could bring proceedings to cause it to be filed, G. L. (Ter. Ed.) c. 191, § 14 — then the plaintiff might well be met with the objection that the instrument could not, prior to its probate, effectuate any transfer of her father's property to the defendant. G. L. (Ter. Ed.) c. 191, § 7.

The present case in this aspect is entirely different from *Lewis* v. *Corbin,* 195 Mass. 520. The fraud there alleged was the misleading of the testatrix, who intended to execute a codicil giving a legacy to the plaintiff's father, to believe that the execution of the codicil with only one attesting witness was valid. The Probate Court could not allow the codicil, and the intent of the testatrix to give the legacy was thwarted by the defendant's fraud. The Probate Court was powerless to grant any relief unless possibly the fastening of a constructive trust upon the defendant — a point that was not raised in the case cited. There is a material difference between the nature of the fraud charged in *Lewis* v. *Corbin* and the nature of the fraud alleged in the instant case. The plaintiff here had undoubtedly a remedy in the Probate Court where, if she proved the undue influence which she now alleges, the court would have refused to probate the instrument and the injury which she now alleges

would have been averted. This is not a case where she had a choice of submitting her evidence of undue influence in opposition to the probate of the instrument or of allowing the will to be set up and then attacking it in this action of tort. Moreover, the plaintiff in *Lewis* v. *Corbin* was not pursuing a course inconsistent with any decree of the Probate Court but was attempting to recover damages entirely outside of anything that the Probate Court could pass upon, while in the present case the strong, if not necessary, implication of the plaintiff's declaration is that she is attempting to enforce a cause of action, one of the essential elements of which is lacking by virtue of a decree of the Probate Court adjudging that such an element does not exist.

*Exceptions overruled.*