**FEDERAL DEPOSIT INS. CORPORATION
v. KUSER et al.**
No. C–2840.

District Court, D. New Jersey.
Aug. 15, 1944.

**76**

Perlman & Lerner, of Trenton, N. J., for the motion.

Milton, McNulty & Augelli, of Jersey City, N. J., opposed.

FORMAN, District Judge.

This action is brought by the Federal Deposit Insurance Corporation against John L. Kuser, Jr., individually, and John L. Kuser, Jr., and Walter G. Kuser, as executors of the estate of John L. Kuser. In its original complaint plaintiff demanded that a conveyance of certain real estate by John L. Kuser, deceased, to his son, John L. Kuser, Jr., before his death, be declared void, and that the plaintiff's claim against the estate be declared a lien on the property or, if the property has been sold or conveyed, that a judgment be entered against John L. Kuser, Jr., for the value of the property.

John L. Kuser died testate on August 11, 1937, naming John L. Kuser, Jr., and Walter G. Kuser as executors. The will was admitted to probate by the Surrogate of the County of Burlington and letters testamentary were issued to the executors named as aforesaid. A claim of the Trust Company of New Jersey as a creditor, evidenced by promissory notes, was presented by it and allowed by the executors. The estate was declared insolvent by a decree of the Orphans' Court in the County of Burlington, State of New Jersey, on July 14, 1938. The aforesaid claim was subsequently assigned to the plaintiff.

Defendants moved to dismiss the action upon the ground that "this Court should not exercise and lacks jurisdiction". Their motion is based on the following objections:

(1) That the plaintiff acting alone has no rights and cannot maintain this action for its own benefit;

(2) That the estate is now being administered in the Burlington County Orphans' Court and plaintiff has an adequate remedy in that it must pursue its claim in that proceeding;

(3) That the deceased was indebted to the individual defendant, John L. Kuser, Jr., who has a right to set off the amount due him from the funds of the deceased in his possession;

(4) That defendant John L. Kuser, Jr., has a common law right to retain assets of the estate in his hands as an executor for a debt in his favor incurred by decedent in his lifetime;

(5) That the Burlington County Orphans' Court has jurisdiction over the parties and the subject matter herein and is the only court that can determine the rights of all creditors to any funds in the hands of John L. Kuser, Jr., by reason of the aforesaid conveyance;

(6) That the fund is in the hands of an officer of the Orphans' Court of Burlington County and that this action is in rem against the fund.

An amended complaint has been filed, subsequent to defendants' motion to dismiss, making the complaint for the benefit of plaintiff and in behalf of other creditors similarly situated, and demanding relief as set forth in the following prayers:

"1. That the aforesaid conveyance to John L. Kuser, Jr., be declared void and that the claims of the plaintiff herein and of all other Creditors similarly situated who may be entitled to participate therein, be declared a lien on said premises and the order of the priorities of plaintiff and other creditors be determined as this Court may deem equitable and just.

"2. That said Defendant, John L. Kuser, Jr. be decreed to account to Plaintiff and to such other creditors similarly situated for the amount of the consideration for which the said premises were sold as aforesaid, and to pay as directed by this Court, the amount or amounts found due on such accounting.

"3. That said Defendant, John L. Kuser, Jr. be decreed to account to Plaintiff and to such other creditors similarly situated, entitled to participate in said funds, for the reasonable value of said premises and to pay as directed by this Court, the amount or amounts found due on such accounting.

"4. That the respective rights and priorities, and their participation in said funds, of Plaintiff and the various creditors similarly situated, be determined and decreed by this Court.

"5. That Plaintiff have judgment against the defendants for costs."[1]

■ The amendment cures the objection made by the defendants numbered (1) above, which complained that the plaintiff could not bring this action solely in its own behalf. The court may take jurisdiction of the action under the law permitting the plaintiff to sue and be sued in any state or federal court. 12 U.S.C.A. § 264 (j) Fourth.

The sole question to be determined is whether this court should exercise its jurisdiction and if so to what extent.

■ The objections numbered (3) and (4) above need not be considered. They are defenses which are not the subject for consideration in a motion to dismiss on the ground that the court should not exercise its jurisdiction.

The remaining objections made by defendants, numbered (2), (5), and (6), above, will be considered together.

It is argued in behalf of the defendants that plaintiff has an adequate remedy in the Burlington County Orphans' Court in which the assets of the estate are now being administered and that all questions should be adjudicated in that proceeding. The defendants contend that said court alone can determine the claim made by plaintiff because it has jurisdiction over the parties, the subject matter and the assets; that this action is one in rem and this court would interfere with the administration of the assets which it has no right to do, for the reason that the court which first obtains jurisdiction of the res has exclusive jurisdiction; that there is no fund in defendant John L. Kuser, Jr., and therefore nothing upon which the court can exercise its jurisdiction; that if a fund is created it is a fund in the hands of an officer of the Orphans' Court for distribution and this court cannot grant relief to plaintiff; that under a decree of this court the rights of certain creditors who have filed claims in the Orphans' Court would be thrown out of equilibrium and the decree of that court would be affected; and moreover the law is settled in New Jersey that the proceeds in an insolvent estate go to all creditors equally.

■ The federal courts have refused to exercise jurisdiction where a state court has assumed jurisdiction over the particular property in question. The settled law gives the court first assuming jurisdiction over property the right to maintain and exercise it exclusive of other courts. United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 80 L. Ed. 331. These principles of comity between federal and state courts extend to cases where property has been actually seized under judicial process before a second suit is instituted in another court, and include the administration of estates and liquidation of insolvent estates. Farmers' Loan, etc., Co. v. Lake St. El. R. Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667. Where, however, the judgment sought is in personam and the relief applied for, if granted, would not defeat or impair the jurisdiction of the other court, the federal and state courts have concurrent jurisdiction and either may proceed to render a judgment granting that relief, which may be set up as res adjudicata in the other court. In such cases there is no interference with a fund being administered in another court as it is not a proceeding in rem. A determination by a federal court of the rights of parties that does not deal with property within the jurisdiction of a state court or order its distribution, but establishes the validity of a claim against an estate and determines the interest of the claimant therein is a proper exercise of its jurisdiction. Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80.

In the case of Waterman v. Canal-Louisiana Bank & Trust Co., supra, an heir

---

[1] Prayers of original complaint:

"1. That the aforesaid conveyance to John L. Kuser, Jr., be declared void, and that the claim of the plaintiff herein be declared a lien on said premises.

"2. That if the said defendant has sold or conveyed the premises conveyed to him by said John L. Kuser, deceased, that judgment be entered against him, the said John L. Kuser, Jr., for the value of said property, to wit:—for the sum of $50,000.00; and

"3. That plaintiff have judgment against the defendants for costs."

sued the executor in the federal court by way of a bill in equity in which she complained that the executor refused to make satisfaction in respect to her demands and prayed specifically that a particular legacy should be decreed to have lapsed; that it be further decreed that two heirs had abandoned their rights in such lapsed legacy; that the plaintiff be declared alone entitled to the amount of the lapsed legacy; that the executor should pay to her her proportionate share of the residue of the estate and that an account of the estate coming to the hands of the executor should be given. The court recognized the rule laid down in Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867, in which it was held that the federal court cannot exercise original jurisdiction to draw to itself the entire settlement of the estate of the decedent and the accounts of administration, or the power to determine all claims against the estate, but that a federal court can entertain jurisdiction in favor of citizens of other states where its decree is in personam affecting their shares. Hence the court took jurisdiction to determine the question concerning the lapsed bequest and the interest of the plaintiff in the residuary estate. It held that the bill went too far in asking for an accounting of the estate. The pertinent language of the court follows:

"The United States circuit court, by granting this relief, need not interfere with the ordinary settlement of the estate, the payment of the debts and special legacies, and the determination of the accounts of funds in the hands of the executor, but it may, and we think has the right to, determine, as between the parties before the court, the interest of the complainant in the alleged lapsed legacy and residuary estate, because of the facts presented in the bill. The decree to be granted cannot interfere with the possession of the estate in the hands of the executor, while being administered in the probate court, but it will be binding upon the executor, and may be enforced against it personally. If the Federal court finds that the complainant is entitled to the alleged lapsed legacy and the residue of the estate, while it cannot interfere with the probate court in determining the amount of the residue arising from the settlement of the estate in the court of probate, the decree can find the amount of the residue, as determined by the administration in the probate court in the hands of

the executor, to belong to the complainant, and to be held in trust for her, thus binding the executor personally, as was the case in Payne v. Hook [7 Wall. 425, 19 L. Ed. 260, supra], and Ingersoll v. Coram [211 U.S. 335, 29 S.Ct. 92, 53 L.Ed. 208], supra.

"It is to be presumed that the probate court will respect any adjudication which might be made in settling the rights of parties in this suit in the Federal court. It has been frequently held in this court that a judgment of a Federal court awarding property or rights, when set up in a state court, if its effect is denied, presents a claim of Federal right which may be protected in this court.

"The circuit court in this case construed the bill, in view of its broad prayer for relief, as one which undertook to take the entire settlement of the estate from the hands of the probate court, and denied the jurisdiction of the circuit court of the United States in the premises. We are of opinion that, to the extent stated, the bill set up a valid ground for relief; and, while all that it asks cannot be granted, enough was stated in it to make a case within the jurisdiction of the Federal courts within the principles we have stated." 215 U.S. at pages 46, 47, 30 S.Ct. at page 13, 54 L. Ed. 80.

Commonwealth Trust Co. v. Bradford, supra, was a suit by a receiver of a national bank against a trustee brought to determine the right of the receiver to participate as cestui que trust in a trust in the hands of the trustee who was appointed by the state court. The court held that it was the duty of the trial court to determine the issues where jurisdiction was properly invoked and that it could not abandon its jurisdiction and turn the matter over to the state court, unless rules based on comity prevented it from doing so. The trial court which exercised jurisdiction in the cause was upheld in the language of the Supreme Court as follows:

"The trust here involved was created by the Bank's voluntary action, not by the orphans' court. Whatever control the latter possessed resulted solely from appointment of the successor trustee and, for present purposes did not materially differ from that exercised by probate courts over such fiduciaries as guardians, administrators, executors, etc. The jurisdiction of federal courts to entertain suits against the latter is clear, when instituted in order to deter-

mine the validity of claims against the estate or claimants' interests therein. Such proceedings are not in rem; they seek only to establish rights; judgments therein do not deal with the property and order distribution; they adjudicate questions which precede distribution. Byers v. McAuley, 149 U.S. 608, 620, 13 S.Ct. 906, 37 L.Ed. 867; Security Trust Co. v. Black River National Bank, 187 U.S. 211, 227, 23 S.Ct. 52, 47 L.Ed. 147; Waterman v. Canal-Louisiana Bank & Trust Company, 215 U.S. 33, 43, 30 S.Ct. 10, 54 L.Ed. 80; Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669; Harrison v. Moncravie, 8 Cir., 264 F. 776, 779." 297 U.S. at page 619, 56 S.Ct. at page 602, 80 L.Ed. 920.

In Princess Lida v. Thompson, supra, action was brought in the federal court by two cestuis que trustent against surviving trustees and an administrator of a deceased trustee, seeking to have them removed because of alleged mismanagement of the estate and to make them account and repay losses. Prior thereto the trustees had filed an account for this estate in the Court of Common Pleas pursuant to the procedure authorized under the laws of the State of Pennsylvania. The Supreme Court upheld an injunction of the state court restraining the plaintiffs from proceeding further in the federal court. It held that the state court had first obtained jurisdiction on the filing of the account and the federal court was without jurisdiction of the case.

The court used the following language:
" * * * On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other. We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. The doctrine is necessary to the harmonious cooperation of federal and state tribunals. While it has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, this is not such a case. No question is presented in the federal court as to the right of any person to participate in the res, or as to the quantum of his interest in it. The contentions are solely as to administration and restoration of corpus.

" * * * The decision is in entire accord with many cases which hold that an action in the federal court to establish the validity or the amount of a claim constitutes no interference with a state court's possession or control of a res." 305 U.S. at pages 466, 467, 59 S.Ct. at page 280, 83 L.Ed. 285.

In the case of Kittredge v. Stevens, 1 Cir., 126 F.2d 263 (certiorari denied 317 U.S. 642, 63 S.Ct. 34, 87 L.Ed. 517), all of the above cases are given consideration in connection with subject matter similar to that in the case before us. In that case the plaintiff sued the defendants as administrators, etc., for an account of property refused to be turned over by defendants to plaintiff and another. The prayers of the complaint were for a full discovery from each of the individual defendants as to the assets each received in his representative capacity, what he did therewith, and how he distributed the same, to the end that each may discover to the plaintiff fully the character and extent of the administration of his trust; that the court order a full account by the defendants of all real and personal property received by them in their respective capacities; that the court find the amount or amounts due plaintiff from the defendants and order the defendants to pay the said amount or amounts to plaintiff; that in default of payment by defendants they should be held liable upon their respective bonds, and surety companies also made defendants, should be required to pay over to plaintiff the amount found to be due and for such other relief as the nature of the case requires. The defendants moved to dismiss the action, which motion was granted by the trial court.

The appellate court influenced by the Supreme Court decision upheld the decision of the district court (Ellis v. Stevens, 37 F. Supp. 488) on the ground that the issues presented would require consideration of the administrations of the estates whereof

80

the defendants were administrators and that the federal court has no jurisdiction over a case which would involve an examination of the general administration of assets by a state probate court.

While the federal court was denied jurisdiction in both the Princess Lida and Kittredge cases on the grounds that the subject matter of the suits was either administration or res definitely within the jurisdiction of the state courts, those decisions at the same time clearly recognized the duty of the federal court to sustain its jurisdiction if the subject matter of the suit was in personam and did not affect the administration or res within the state court's jurisdiction.

The subject was again treated recently in the case of Hegarty v. Hegarty, D.C., 46 F.Supp. 319, wherein plaintiff brought suit in the federal court alleging that decedent was induced through fraud and undue influence to transfer all of his property to two of his three children. In denying a motion to dismiss the complaint on the ground that the federal court lacked jurisdiction over the subject matter, the court said:

"The motion should also be denied with respect to the contention that this court lacks jurisdiction over the subject matter. The federal courts have taken jurisdiction of suits seeking personal judgments against fiduciaries where no accounting—a matter for the probate court—has been sought (Waterman v. Canal-Louisiana Bank & Trust Co., supra) and also where an accounting has been sought which did not affect the res. Commonwealth Trust Company of Pittsburgh et al. v. Bradford, supra. I see no reason to hold that this court should not take jurisdiction of the subject matter involved here. Cf. Kittredge v. Stevens et al., 1 Cir., 126 F.2d 263." 46 F. Supp. at page 320.

■ A reference to the prayers of the amended complaint filed in this case discloses that all of them except a portion of the first prayer constitute relief which is beyond the jurisdiction of this court since that which they request is action in rem or entirely administratively within the scope of the Orphans' Court of New Jersey.

However, so much of the first prayer, as is in the following language, seems to come within the jurisdiction of this court:

"That the aforesaid conveyance to John L. Kuser, Jr., be declared void and that the claims of the plaintiff herein and of all other Creditors similarly situated who may be entitled to participate therein, be declared a lien on said premises * * * *."

Such relief is entirely in the nature of an action in personam. It is designed to adjudicate whether or not John L. Kuser, Jr., was a party to the fraudulent conveyance made by his deceased father to him. It is pointed to his conduct individually and not in his official or representative capacity. A decision of the question would result only in determining the issue as to the nature of the conveyance. Such a decision would not interfere in the administration of the estate now reposing in the hands of .the Burlington County Orphans' Court, nor could it be said to be an action in rem or quasi in rem.

■ The contention of the defendants, numbered (2) above, that the plaintiff has an adequate remedy in the Orphans' Court of Burlington County and that it must pursue its claim in that court, standing alone, is of no avail. Even if the state court administering the liquidation of the insolvent estate has the power to grant the relief sought herein, it would not preclude this court from rightfully exercising its jurisdiction.

■ Likewise, defendants' contention, numbered (5) above, that the said Orphans' Court already has jurisdiction over the parties and the subject matter and is the only court that can determine the rights of all creditors to the fund which may arise by reason of the aforesaid conveyance, must fail, for in suits, such as these, as it has been heretofore shown, the federal and state courts exercise concurrent jurisdiction and a judgment obtained in either court may be set up as res adjudicata in an action involving the same parties and subject matter in the other.

" * * * Certain it is, therefore, that if both courts were to proceed they would be required to cover the same ground. This of itself is not conclusive of the question of the District Court's jurisdiction, for it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other." Princess Lida v. Thompson, supra, 305 U.S. at pages 465, 466, 59 S.Ct. at page 280, 83 L.Ed. 285.

Defendants argue as their final contention, numbered (6) above, that the fund which might be established as a consequence of this action would become assets in the hands of the executors, of whom defendant John L. Kuser, Jr., is one, and that this court, if it granted the relief sought, would be acting in rem against a fund under the jurisdiction of said Orphans' Court. However, the jurisdiction of this court, limited as proposed herein to the portion of the plaintiff's first prayer, raises no question in rem, but at most would give rise to a decree in personam susceptible of creating additional assets by and in the Orphans' Court.

The defendants rely strongly on the case of In re Fulper's Estate, 99 N.J.Eq. 293, 132 A. 834. In this case the late Vice Chancellor Buchanan wrote an especially exhaustive and learned opinion in which he held that the Orphans' Court has jurisdiction " * * * to determine questions ordinarily cognizable only in a court of equity (or a court of law, as the case may be), where such questions are involved, on accountings, in the determination of conflicting claims between the decedent's estate and the individual who is also the executor or administrator accounting; and, specifically, that in the instant case the orphans' court has jurisdiction, on accounting proceedings, to determine whether or not a transfer inter vivos by the testator to the executor individually should be set aside for improvidence, fraud, or undue influence." 99 N.J.Eq. at pages 299, 300, 132 A. at page 838.

There is no room for any controversy as to the similarity of certain principles and facts in this case and the one at bar. However, the decision concerned concurrent jurisdiction of two state courts—the Orphans' Court and Court of Chancery of New Jersey—and cannot be said to have been designed to suggest that the jurisdiction of the federal court must give way to the Orphans' Court.

No tenable ground is asserted for maintaining the executors of the estate as parties defendant to this action and it will be dismissed as to them. It will, however, stand as to John L. Kuser, Jr., individually in so far as the portion of the first prayer of the complaint is concerned as has been heretofore indicated.

An order should be taken in accordance with this opinion.