Travers, J.
This is an action alleging tortious interference with an expectancy interest. Defendant moves to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.
BACKGROUND
The facts in a light most favorable to the plaintiff are as follows. Plaintiff and defendant are the only children of Martha Giordano. Ms. Giordano currently resides in a nursing home in Worcester. Sometime before July 1992, Ms. Giordano executed awill and/or wills and codicils, naming plaintiff the sole legatee.
Plaintiff alleges that the defendant at some point prior to July 1992 was made aware of the provisions of his mother’s will and proceeded to recommence contact with his mother after a twenty-year hiatus. While defendant visited his mother, he refused to allow other family members to have contact with her and told her false statements about the plaintiff, including statements that the plaintiff had stolen from their mother, apparently to induce her to change her will.
At some point, Ms. Giordano’s health deteriorated. On July 1, 1992, the defendant procured a Power of Attorney from his mother so that he could help with the management of her affairs. On December 8, 1992, Ms. Giordano transferred real estate to the defendant.
Plaintiff now brings this suit for tortious interference with an expectancy seeking damages amounting to the fair value of the estate had defendant not interfered with her expectancy.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P 12(b)(6), this court accepts as true the well-pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
“[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Further, a complaint will not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983); Bell v. Mazza, 394 Mass. *322 176 (1985). All inferences are drawn in the plaintiffs favor. Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).
In order to succeed on a claim of unlawful interference, a plaintiff must show that the defendant intentionally interfered with the plaintiffs expectancy in an unlawful way. Ross v. Wright, 286 Mass. 269 (1934). The unlawful means includes duress, undue influence, and fraud. Hegarty v. Hegarty, 52 F.Supp. 296 (1943). Furthermore, the plaintiff must have a legally protected interest and must show ill will on the part of the intervenor. Ross, supra; Lewis v. Corbin, 195 Mass. 520 (1907).
Moreover, the cases in Massachusetts have all been brought after the death of the testator. Although the question of whether suit can be brought while the donee/testator is still alive has not been directly addressed in Massachusetts, the Supreme Judicial Court has made it dear that the influence must continue until the time of the testator’s death in order to recover. This requirement ensures that the testator had no opportunity before death to execute a new will or otherwise dispose of her property after overcoming the third-party interference and is necessary to show legal cause. Ross, supra.
Plaintiff in the instant case challenges the inter vivos transfer of property in which she claims she holds an expectancy interest based on the current provisions of her mother’s will. The facts pleaded do not rise to the level of a prima facie showing of the type of unlawful conduct necessary for the interference claim.
In addition, Ms. Giordano, the testator/donee, is still alive. Since Ms. Giordano is still living and could legally amend or revoke her will, plaintiffs testamentary interest is questionable. Also, it is impossible at this date to determine whether the influence allegedly exerted by the defendant will continue until the death of his mother, a necessary element in this type of claim. Because this action is not yet ripe, the complaint based on this cause of action must fail. Therefore, defendant’s motion to dismiss is allowed.[1]
It should also be pointed out that if she is incapable of handling her property, relief is appropriate during her lifetime because a conservator or guardian could be appointed. Thereafter, her legal representative could pursue orthodox equitable remedies in her behalf.
ORDER
For the foregoing reasons, the court ORDERS that the defendant’s motion is ALLOWED and the complaint is dismissed.

 The state of Maine has recognized a right of action for interference with a legacy interest while the testator is still alive. See Harmon v. Harmon, 404 A.2d 1020 (Me. 1979). The Harmon case, however, acknowledges in dicta that many states only allow recovery after the death of the testator. The Maine Supreme Court cites certain policy reasons for allowing recovery while the testator is still alive, such as the availability of witnesses and evidence and testimony from the donee herself. Although the public policy reasoning followed by the Maine Court is persuasive, this court is unwilling to extend the holdings of the Massachusetts cases to reach that far.