## WOODWARD *versus* ABORN.

An action of *the case*, charging that the defendant's act was done *maliciously*,
may be maintained by proof that it was done *negligently*. Malice, though
alleged, need not be proved.

For keeping a deleterious article so negligently as thereby to occasion damage
to another, an action is maintainable, although from such keeping no dam-
age would have accrued, except for the extraordinary, but not *very* uncom-
mon, action of the elements.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

CASE, charging that the defendant *maliciously* placed, and
for one week kept a pile of animal manure so near to the
plaintiff's well as to render the water unfit for use.

From the evidence, it appeared, that the parties were own-

ers of adjoining lands ; that the divisional line was very near to the plaintiff's well ; that the defendant's servant attempted to draw a load of manure to the back part of the plaintiff's garden, but being unable to draw it so far, lodged it very near the well ; where it remained about a week. The next day after it was placed there, the defendant was notified that it was injuring the water in the well. For two days, the weather being dry, the manure might have been removed by some ten minutes labor. Then came a rain of extraordinary power, which, as the plaintiff contended, after soaking the manure, came into the well, and vitiated its water. There was evidence tending to show that previously the water was impure and worthless.

The defendant requested instruction to the jury, *that*, as the plaintiff had alleged the defendant's doings to have been malicious, the proof must show malice ; and that, if the plaintiff's well would not have received any injury from the manure lying there, except for the extraordinary rain, his action could not be maintained.

The Court instructed the jury that, if the defendant deposited or retained the manure in a particular situation, with the *malicious intent* to injure and corrupt the water in plaintiff's well, and the water was thereby corrupted and injured, to the damage of the plaintiff, the defendant would be liable ; or, if the defendant *negligently* suffered the manure to remain in such a situation as that the water in the plaintiff's well would be thereby injured and corrupted, he, defendant, knowing the fact, and in consequence of such negligence, the water was corrupted and injured, to the damage of the plaintiff, the defendant would be liable.

In answer to an inquiry from the jury, what they should do if satisfied that the water was injured before the manure was placed there, and was also affected by the manure, the Judge instructed them that, if the water was so injured and corrupted by other causes as to be wholly unfit for use and worthless, they would find for the defendant, but if the water was injured by other causes, but not thereby rendered *wholly worthless* and

unfit for use, and received additional appreciable, substantial injury from the manure, for such additional injury, occasioned by the malice or negligence of the defendant, he would be liable.

The verdict was for the plaintiff, and the defendant excepted to the instructions and to the omission to instruct as requested.

*Lancaster & Baker*, for the defendant.

The plaintiff's declaration charges that the acts which he complains of were done " *maliciously.*" His proofs must conform to his allegations. He must prove the malice. Yet the instruction to the jury expressly allowed the plaintiff to recover though it should appear that the acts were merely done negligently. That instruction we hold to be erroneous.

The injury to the well, if any, was a consequence of the extraordinary rain. The request, therefore, for instruction to the jury, that if the plaintiff's well would not have received any injury from the manure lying there, except for the extraordinary rain that fell, the action could not be maintained, was very pertinent and very proper, and should have been given. *China* v. *Southwick*, 12 Maine, 238.

The instruction which the Court did give was not at all applicable to this point, for the defendant could not know or anticipate that an extraordinary rain would come.

Again, the instruction given in answer to an inquiry from the jury, did not meet the case as presented by the evidence. Instead of telling them, that, if the water was injured by other causes before the manure was placed there, but not rendered wholly worthless, and then received substantial additional injury from the manure, they might find for this injury, the court should have instructed them that if the water would have been rendered wholly worthless by the excessive rain, if the manure had not been there, then the action could not be maintained.

The instruction given applied to the water *as it was* before the manure was hauled there; the one contended for, to the condition of the water after the great rain.

*Vose*, for the plaintiff.

SHEPLEY, C. J. — The principal cause of complaint insisted upon is, the refusal to instruct the jury, " that if the plaintiff's well would not have received any injury from the manure lying there, but for the extraordinary rain that fell, the plaintiff's action could not be maintained."

This request assumes, that if the waters of the well would not have been injured without such a rain, and that they were injured by such a rain, by reason of the negligence of the defendant there could be no legal cause of action.

A person should not place or negligently allow a deleterious substance to remain, where the useful waters of another may be corrupted either by the ordinary or extraordinary, and yet not very uncommon, action of the elements.

*Exceptions overruled.*

WELLS, HOWARD and HATHAWAY, J. J., concurred.