Sewall **MADDOCKS** et al.

v.

Elbridge **GILES,** d/b/a E.A. Giles & Son.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1996.

Decided Dec. 18, 1996.

David J. Van Dyke (orally), Berman & Simmons, P.A., Lewiston, for Plaintiffs.

Gerard Fournier, Susan E. Oram (orally), Isaacson, Raymond & Bonneau, Lewiston, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Sewall Maddocks and Janice Maddocks appeal from the judgment entered in the Superior Court (Lincoln County, *Fritzsche, J.*) dismissing their complaint against defendant Elbridge Giles, d/b/a E.A. Giles & Son (Giles), seeking damages for the alleged nuisance activities of Giles causing a spring on their premises to become useless. The Maddockses contend that the trial court erred in concluding that their complaint failed to state a claim on which relief could be granted. We agree and vacate the judgment.

The complaint alleges the following: The Maddockses own property adjacent to a gravel pit owned and operated by Giles. Below the surface of the Maddockses' property there has long flowed a subterranean spring that has historically produced large quantities of high quality water. Giles' excavation activities on his property have caused the spring to dry up and become useless.

In response to the Maddockses' action, Giles moved to dismiss the complaint pursuant to M.R.Civ.P. 12(b)(6). Following a hearing on the motion, the trial court, relying on our holdings in *Chase v. Silverstone,* 62 Me. 175 (1873), and *Chesley v. King,* 74 Me. 164 (1882), concluded that the Maddockses could not be damaged by Giles' lawful excavation of his property and that, accordingly, the complaint failed to state a claim on which relief could be granted.[1] From the judgment

---

1. The rule of *Chase* and *Chesley,* sometimes referred to as the "absolute dominion" rule, is that "one may, for the convenience of himself or the improvement of his property, dig a well or make other excavations within his own bounds, and will be subject to no claim for damages although the effect may be to cut off and divert the water which finds its way through hidden veins which feed the well or spring of his neighbor." *Chesley,* 74 Me. at 170.

Both parties agree that the Legislature's modifications of the absolute dominion rule, codified at 38 M.R.S.A. § 404 (1989), do not apply to the facts of this case. The statute creates a cause of action for the withdrawal of groundwater "when the withdrawal is in excess of beneficial domestic use for a single-family home and when the with-

entered dismissing the complaint, the Maddockses appeal.

The Maddockses contend, *inter alia*, that the trial court misapplied the law by refusing to recognize that the complaint alleged the disruption of a subterranean watercourse. We agree.

A motion to dismiss tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me.1995). When reviewing a judgment granting a motion to dismiss, we treat the material allegations of the complaint as admitted and examine the evidence in the light most favorable to the plaintiff to determine whether it alleges the elements of a cause of action against the defendant or alleges facts that could entitle the plaintiff to relief pursuant to some legal theory. *Id.* A dismissal for failure to state a cause of action is proper only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim. *Id.*

■ Although we recognize the general principle, articulated in *Chase* and *Chesley*, that "a property owner may use his land as he pleases for all lawful purposes," there is a long standing limitation of this rule preventing a landowner from drastically altering the flow of a watercourse. *Johnson v. Whitten*, 384 A.2d 698, 701 (Me.1978). This limitation was recognized over a century ago in *Morrison v. Bucksport & Bangor R.R.*, 67 Me. 353, 356 (1877), in which we stated:

> A water course cannot be stopped up or diverted to the injury of other proprietors. There is a public or natural easement in such a stream, belonging to all persons whose lands are benefitted by it.... To constitute a water course, it must appear that the water usually flows in a particular direction; and by regular channel, having a bed with banks and sides; and (usually) discharging itself into some other body or stream of water. It may sometimes be dry. It need not flow continuously; but it must have a well defined and substantial existence.

*See also Woodward v. Aborn*, 35 Me. 271, 274 (1853) (person cannot place *or* negligently allow deleterious substance to remain on own land that may either by ordinary or extraordinary action of the elements pollute useful waters of another). A watercourse may flow underground. *See* Roger A. Cunningham, *et al.*, *The Law of Property*, § 7.5 at 429 (2d ed. 1993) (same rules apply to surface and underground streams). Application of these principles to the facts of this case leads us to conclude that the trial court erred when it dismissed the Maddockses' complaint.

■ The complaint alleges that Giles' excavation activities created a nuisance that caused a disruption of the flow of a subterranean spring from aquifers beneath Giles' property into the Maddockses' property. Notice pleading requires nothing more to state a cause of action. *See Rubin v. Josephson*, 478 A.2d 665, 669 n. 4 (Me.1984) (function of the complaint is to provide fair notice of a claim and a generalized statement of the facts fulfills this function). Because we conclude that the complaint sufficiently alleges a nuisance by the disruption of a watercourse, we do not address the Maddockses' contentions challenging the continuing viability of the absolute dominion rule or its applicability to this case which, unlike *Chase* and *Chesley*, does not involve competing uses of water.

The entry is:

Judgment vacated.

All concurring.

---

drawal causes interference with the preexisting beneficial domestic use of ground water by a landowner or lawful land occupant." 38 M.R.S.A. § 404(2).