guity existed that was properly construed against the insurer and in favor of coverage for the acupuncture treatments.

### ESTATE OF M. David HAYNES.

Supreme Judicial Court of Maine.

Argued June 19, 1991.
Decided Aug. 6, 1991.

Robert B. Woodman (orally), Woodman & Edmands, Biddeford, for appellant.

James G. Noucas, Jr. (orally), Mulvey, Noucas & Cornell, P.A., Portsmouth, N.H., for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Jayne C. Tillotson appeals from a judgment of the York County Probate Court (*Brooks, J.*) distributing undivided half shares in the York Beach property of her deceased father, M. David Haynes, to Tillotson and her sister Sally H. Smith. Tillotson contends that the Probate Code, at 18–A M.R.S.A. § 3–906(a)(4) (1981), mandated that the property be sold and distributed in cash, and that the Probate Court erred in distributing it in kind to permit equitable partition in Smith's pending Superior Court suit. We affirm the judgment of the Probate Court.

M. David Haynes owned a parcel consisting of several lots of land improved with one cottage on York Beach. During his lifetime he gave his daughters Tillotson and Smith each an undivided one quarter interest in some of the unimproved lots, retaining an undivided half share as tenant in common. He also owned an undivided half interest in an adjacent lot with a boathouse, in common with two individuals that are not parties to this action. Haynes retained the full fee interest in the lots occupied by his cottage. On April 11, 1987 Haynes died leaving a will that provided for Tillotson and Smith to take the residue

of his estate "in equal shares, share and share alike, to them and their heirs and assigns forever." The residue included Haynes's York Beach property interests, then valued at $325,000. Pursuant to the will's nomination Tillotson and Smith were appointed as co-personal representatives. The estate, apart from the York Beach residue and some specific devises to Tillotson and Smith, was distributed. The sisters reached an impasse in negotiating the physical division of the York Beach property.

In January, 1989 Smith petitioned the Probate Court to construe the residuary clause of the will and make a complete settlement of the estate. Smith proposed a physical division of the York Beach property and Tillotson opposed it, proposing a different physical division or a cash distribution. In June, 1990 Smith filed a complaint in the Superior Court seeking equitable partition of both the sisters' individual quarter shares and the remaining interests in the York Beach property devised to them from the estate. The parties then briefed the merits in the Probate court, Tillotson arguing for sale of Haynes's interests and cash distribution, and Smith arguing for distribution in kind. In December, 1990 the Probate Court entered its decision distributing Haynes's interests in kind to enable partition of the entire fee in the pending Superior Court suit. Tillotson brought this appeal.

■ Tillotson contends that the Probate Code, at 18–A M.R.S.A. § 3–906(a)(4) (1981), mandated that the court sell Haynes's interests and make a cash distribution. We disagree. A probate court's jurisdiction in equity extends to all matters relating to the administration of estates. *Jackson v. Breton,* 484 A.2d 256, 257 (Me. 1984); 4 M.R.S.A. § 252 (1989). Section 3–906(a) expresses a preference for distributions in kind. By the terms of section 3–906(a)(4) distribution of a residue in kind is mandatory if there is no objection by a beneficiary.[1] If there is an objection the plain language of section 3–906(a)(4) leaves it up to the court's discretion whether to liquidate the residue or to make some other equitable distribution.

■ A probate court's discretion in distributing estate assets is broad and may include physical partition pursuant to section 3–911, sale, distribution in kind, some combination of these remedies or, as here, referring the matter to a court that efficiently can resolve another property dispute at the same time. If a court's discretion to distribute a residue in kind could be removed merely by the objection of a beneficiary then the statute's preference for in kind distributions would be largely negated. Although section 3–906(a)(4) is a uniform provision, Uniform Probate Code § 3–906(a)(4), 8 U.L.A. 384 (1983), we have been cited no authority from any jurisdiction for Tillotson's reading of the provision.[2] We conclude that the plain meaning provided the Probate Court with discretion to distribute Haynes's York Beach property in kind.

Tillotson also contends that the Probate Court's exclusive jurisdiction over estate distributions imposed a duty to distribute Haynes's property to his devisees. The short answer is that the court's award of undivided interests *was* a distribution, just as a sale or physical partition would have been. The court properly could have found that Haynes's undivided interests were unmarketable or that justice would be better served by partitioning all of the interests at once. We need not decide here whether the Probate Court had jurisdiction to include the individual quarter shares of Til-

---

1. Section 3–906(a)(4) provides as follows:
   (4) The residuary estate shall be distributed in kind if there is no objection to the proposed distribution and it is practicable to distribute undivided interests. In other cases, residuary property may be converted into cash for distribution.

2. Section 3–906(a)(4) of the Uniform Probate Code was amended in 1987 to read as follows:
   (4) The residuary estate shall be distributed in any equitable manner.
   8 U.L.A. 251 (Supp.1991). Maine has not yet adopted this amendment.

lotson and Smith in a partition scheme of its own. The court's implicit finding that Smith's petition never sought such an overall division is not clearly erroneous. The Probate Court had discretion to distribute in kind and the Superior Court has jurisdiction to partition the entire fee in the York Beach property.

The entry is:

Judgment affirmed.

All concurring.