**Bernard PLIMPTON**

v.

**Martin GERRARD, et al.**

Supreme Judicial Court of Maine.

Argued March 2, 1995.
Decided Dec. 20, 1995.

---

Andrew M. Horton, Matthew H. Herndon (orally), Verrill & Dana, Portland, for Plaintiff.

Dennis L. Jones (orally), Clark & Jones, Gardiner, for Estate of Axel Plimpton.

Paul D. Mathews (orally), Gardiner, for Martin Gerrard.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN and LIPEZ, JJ.

LIPEZ, Justice.

Bernard Plimpton, the only child of Flossie and Axel Plimpton, appeals from the judgment of the Superior Court (Kennebec County, *Chandler, J.*) dismissing his complaint alleging tortious interference with an expected inheritance of his parents' homestead real estate transferred inter vivos to the defendant, Martin Gerrard, and with his expected inheritance of the balance of Axel's estate. The Superior Court concluded that Bernard lacked standing to set aside the inter vivos transfer of his parents' residence because he was not a beneficiary of the residence under the terms of Axel's will (counts I and II), and dismissed those counts without ruling on Bernard's claim of tortious interference with his expected inheritance of Axel's estate. The Court characterized count III as a will contest and concluded that the Probate Court had exclusive jurisdiction to hear such a contest. We vacate that portion of the Superior Court judgment dismissing the claim of tortious interference with Bernard's expected inheritance of the real estate and the claim of tortious interference with Bernard's expected inheritance of Axel's estate.

### Background

Martin Gerrard established a relationship with the Plimptons when they were elderly and in poor health. On June 26, 1989, Flossie and Axel conveyed their real estate to Gerrard, retaining a life estate for themselves, and revised their respective wills to add Gerrard as a substantial beneficiary. Axel's will devised to their son Bernard "the grandfather clock, coffee table and candlabras [sic]," and "All the rest, residue and remainder of my estate, both real, personal and mixed" to Gerrard. Gerrard was also named the personal representative of their estates. Flossie died in 1991. Axel died in 1992.

On January 26, 1993, Bernard filed a petition for the appointment of a special administrator for Axel's estate.[1] On January 27,

---

1. On September 3, 1993, the Kennebec County     Probate Court (*Mitchell, J.*) denied Bernard's

1993, Bernard filed a three count complaint in Superior Court. He alleged that Gerrard tortiously interfered with his expectation to inherit the Plimptons' homestead real estate and with his expectation to inherit the remainder of his parents' estate under Axel's will, and he sought compensatory and punitive damages, the setting aside of the transfer of real estate, and the imposition of a constructive trust for his benefit. He further alleged that Gerrard, by undue influence, duress and fraud caused Flossie and Axel to deed him the same homestead real estate, and he sought imposition of a constructive trust for his benefit. Finally, he asked the Superior Court to enter a declaratory judgment in his favor, setting aside Axel's Last Will and Testament produced by Gerrard's undue influence.

Thereafter, Bernard moved to amend his complaint to add claims for an accounting of the funds administered under the estate and for claimed violations of the Improvident Transfers of Title Act, 33 M.R.S.A. § 1022 (Supp.1994). Because the Superior Court dismissed counts I and II for failure to state a cause of action, and count III for lack of subject matter jurisdiction, Bernard's motion to amend became moot. This appeal followed.

### Counts I & II

### Standard of Review

■ A motion to dismiss pursuant to M.R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint. *Richards v. Soucy*, 610 A.2d 268, 270 (Me.1992). When we review a judgment granting a motion to dismiss, we treat the material allegations of the complaint as admitted, *Choroszy v. Tso*, 647 A.2d 803, 805 (Me.1994), and we examine the complaint in the light most favorable to the plaintiff to determine whether it alleges the elements of a cause of action against the de-

fendant or alleges facts that could entitle the plaintiff to relief under some legal theory, *Larrabee v. Penobscot Frozen Foods Inc.*, 486 A.2d 97, 99 (Me.1984). A dismissal for failure to state a cause of action is proper only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim. *Bowen v. Eastman*, 645 A.2d 5, 6 (Me.1994).

### Homestead Real Estate

■ In counts I and II, Bernard in part sought damages and imposition of a constructive trust for the allegedly fraudulent inter vivos transfer of the Plimptons' homestead to Gerrard. The court determined that to maintain such an action, the proponent must first establish beneficial rights under the will. Absent that showing, the court concluded that Bernard lacked standing to assert the claims in both counts. We disagree.

■ In *Cyr v. Cote*, 396 A.2d 1013, 1018 (Me.1979), we recognized an independent cause of action for wrongful interference with an expected legacy or gift under a will.[2] The cause of action for tortious interference with an intended bequest is available when the defendant tortiously prevents the testator from making a will favorable to the plaintiff, or prevents the testator from revoking a will, or, as alleged in this case, tortiously causes the testator to revoke or alter a will, or unlawfully causes the testator to convey inter vivos that which would have passed under the will. *Cyr*, 396 A.2d at 1018. *See generally* Sonja A. Soehnel, Annotation, *Liability in Damages for Interference with Expected Inheritance or Gift*, 22 A.L.R.4th 1229 (1983). Under any of the foregoing circumstances, an action for damages or a constructive trust may be brought. *Cyr*, 396 A.2d at 1018.

■ The tort based on an expectancy of inheritance does not require proof that one is

---

motion because Bernard failed to make the requisite showing of undue influence. The court specifically stated in its order that: "This Court's findings and conclusions are limited to this proceeding in which the only question is whether to appoint a special administrator in an estate which already has a personal representative."

2. RESTATEMENT (SECOND) OF TORTS § 774B (1979) provides:
One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift.

in fact named as a beneficiary in the will or that one has been devised the particular property at issue. *See Harmon v. Harmon,* 404 A.2d 1020, 1024–25 (Me.1979). That requirement would defeat the purpose of an expectancy claim.

> [T]here can be recovery only for an inheritance or gift that the other would have received but for the tortious interference of the actor. This means that, as in other cases involving recovery for loss of expectancies ... there must be proof amounting to a reasonable degree of certainty that the bequest or devise would have been in effect at the time of the death of the testator or that the gift would have been made inter vivos if there had been no such interference. In many cases this can be shown with complete certainty, as when a will is suppressed or altered after the death or incompetence of the testator. In many others, as when a will is made, revoked or changed during his lifetime, complete certainty is impossible. It is not required.

RESTATEMENT (SECOND) OF TORTS § 774B cmt. d (1979). It is only the expectation that one will receive some interest that gives rise to a cause of action. *Harmon,* 404 A.2d at 1023; *Cyr,* 396 A.2d at 1018. Consistent with that rule, we have previously recognized that an action for tortious interference exists even before the testator has died. *Harmon,* 404 A.2d at 1025. The possibility that a testator may ultimately revise the will has no relevance to the existence of the tort claim. *Harmon,* 404 A.2d at 1024; *Allen v. Leybourne,* 190 So.2d 825, 828–829 (Fla.Dist.Ct. App.1966).

Bernard's complaint alleges that Gerrard's wrongful interference induced the Plimptons, in their lifetimes, to transfer to Gerrard the real estate that Bernard expected to receive under their respective wills. He could have brought his cause of action alleging loss of the expectancy before the deaths of his parents. *See Harmon,* 404 A.2d at 1025. Bringing his claim after their death does not change the nature of the claim or the quantum of proof necessary to prevail, and it does not affect his standing to bring the claim.

▪ Having established Bernard's standing to assert the tort claim to the real estate, we must consider which forum has jurisdiction to consider such a claim. Bernard argues that the Superior Court has jurisdiction to address his claim because the Probate Court is unable to provide an adequate remedy. Gerrard contends that Bernard had an obligation to exhaust his Probate Court remedies. They are both wrong.

In support of his argument, Gerrard points to a rule, adopted in several jurisdictions, which requires plaintiffs to exhaust probate remedies before pursuing actions for tortious interference with an expected legacy, provided that the probate remedies are adequate to compensate them for their damages. *See, e.g., Moore v. Graybeal,* 843 F.2d 706 (3rd Cir.1988) (precluding plaintiffs from maintaining an action for tortious interference with inheritance because they failed to pursue exclusive statutory remedy of contesting probate of the decedent's will); *McGregor v. McGregor,* 101 F.Supp. 848 (D.Colo.1951), *aff'd,* 201 F.2d 528 (10th Cir.1953) (holding that before a person who has been wrongfully deprived by another of his just bequest under a will can seek relief in a tribunal other than probate court, that party must have tried to probate the will which is alleged to give rise to his claim); *Robinson v. First State Bank of Monticello,* 97 Ill.2d 174, 73 Ill.Dec. 428, 454 N.E.2d 288 (1983) (holding that a claim of tortious interference with an expected inheritance does not lie where a party has failed to contest the will under the provisions of the Probate Act); *DeWitt v. Duce,* 408 So.2d 216 (Fla.1981) (holding that exhaustion of probate remedies is necessary before a party can bring a claim for tortious interference with a testamentary expectancy); *Johnson v. Stevenson,* 269 N.C. 200, 152 S.E.2d 214 (1967) (a plaintiff who could not show that she was prevented from litigating the issue of fraud or undue influence in prior probate proceedings was barred from bringing a claim for tortious interference with an expectancy to inherit); *Brignati v. Medenwald,* 315 Mass. 636, 53 N.E.2d 673 (1944) (plaintiff could not bring a claim of undue influence where the plaintiff was the only heir and could have taken intestate by proving her claim of undue influence to defeat the

will at probate). Gerrard is correct that Bernard theoretically has an adequate remedy in the Probate Court for his challenge to the inter vivos transfer. Bernard could first contest Axel's 1989 will and have it declared invalid. He could then obtain the appointment of a personal representative (perhaps himself) who could sue Gerrard on behalf of Axel's estate to have a constructive trust imposed on the homestead for the benefit of the estate. *See* 18–A M.R.S.A. § 3–105 (1981).[3] With the homestead back in Axel's estate, Axel's 1971 will naming Bernard as sole beneficiary could be reinstated and probated and thus Bernard would receive all of his father's estate, or, failing that, he would receive everything in the estate by operation of intestacy laws.

■ The theoretical possibility of adequate relief in the Probate Court does not compel Bernard to go there to pursue his tortious interference claim. The law provides concurrent jurisdiction in the Probate Court and the Superior Court for Bernard's claim of undue influence in the inter vivos transfer (though the Probate Court action could only be filed by the personal representative). The very concept of concurrent jurisdiction is inconsistent with a preference for one jurisdiction over another. Moreover, Bernard seeks alternative relief in the form of damages for Gerrard's alleged interference with his expectancy to inherit his parents' homestead real estate. In civil cases in which damages are sought, a plaintiff has the right to a jury trial. Me. Const. art. I, § 20. Bernard cannot get a jury trial in the Probate Court. *See,* 18–A M.R.S.A. § 1–306(a) (1981).

### The Estate

■ Count I of Bernard's complaint also alleges that Gerrard's tortious actions interfered with Bernard's expectation that he would inherit his father's estate. Although Bernard presented this claim in the Superior Court, the court did not specifically address that claim in its decision. Nevertheless, its

dismissal of count I necessarily dismissed this claim as well, and we must deal with it here.

Bernard demands both compensatory and punitive damages for Gerrard's alleged tortious interference with his expectation of inheriting his father's estate. He further prays that a constructive trust be established over the property of the estate for his benefit and the benefit of his estate. In making this claim, Bernard asserts that Axel's will at the time of his death was not the true expression of his intentions because of Gerrard's undue influence. He disagrees with the distribution of the assets of the estate as directed by the will. Gerrard again contends that Bernard must exhaust his Probate Court remedies before pursuing this claim in the Superior Court. Bernard contends that the Probate Court cannot adequately compensate him for any denial of his inheritance rights because even if he were successful in setting aside Axel's will, he has no assurance that Axel's first will, naming him sole beneficiary, would be reinstated.

Again, Bernard and Gerrard are both wrong. If Bernard had the 1989 will set aside, but failed to have the 1971 will reinstated, he would receive through the laws of intestacy his father's estate and therefore would arguably not be damaged. Nevertheless, for the same reasons set forth in the discussion of the homestead real estate, Bernard is not required to pursue his claim relating to the inheritance of his father's estate in the Probate Court. Concurrent jurisdiction implies no preference for one forum over another. Bernard is entitled to a jury trial on his damages claim.

### Count III

■ By statute, the Probate Court has "exclusive jurisdiction of informal and formal proceedings to determine how decedents' estates subject to the laws of this State are to be administered, expended and distributed." 18–A M.R.S.A. § 3–105. Such proceedings include those involving "subject matter relat-

3. 18–A M.R.S.A. § 3–105 provides in relevant part:
   The court has concurrent jurisdiction of any other action or proceeding concerning a succession

or to which an estate, through a personal representative, may be a party, including actions to determine title to property alleged to belong to the estate . . .

ing to … estates of decedents, including construction of wills and determination of heirs and successors of decedents and estates of protected persons…." 18–A M.R.S.A. § 1–302 (1981). Thus, the authority to resolve the contest over the distribution of assets under a will rests solely with the Probate Court. 18–A M.R.S.A. § 3–105 comment (1981). *Petition of Kimball,* 142 Me. 182, 186, 49 A.2d 70, 72 (Me.1946); *Hutchins v. Hutchins,* 141 Me. 183, 188, 41 A.2d 612, 614 (Me.1945); *see Estate of Haynes,* 594 A.2d 1112, 1113 (Me.1991).

In count III Bernard seeks to set aside Axel's will naming Gerrard as a beneficiary. As the foregoing discussion indicates, the authority to set aside Axel's will exists exclusively with the Probate Court. The Superior Court properly dismissed count III for lack of subject matter jurisdiction.[4]

The entry is:

Judgment vacated as to counts I and II. Judgment affirmed as to count III. Judgment vacated with respect to the motions pending at the time the court dismissed the complaint.

All concurring.

---

4. We must vacate the trial court's dismissal of Bernard's motions to amend his complaint, to extend the discovery deadline, and for a jury trial. Those motions are no longer moot.