STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    Civil Action
                                                  Docket No. CV-07-244

WILLIAM W. RAYE,

Plaintiff

v.                              **ORDER ON MOTION TO DISMISS**

HEIDI OSGOOD and
DAVID L. WHITE,[1]

Defendants

## I. BEFORE THE COURT

This matter comes before the Court on defendant Heidi Osgood's
("Osgood") motion to dismiss for lack of subject matter jurisdiction and lack of
ripeness.

## II. PROCEDURAL HISTORY AND BACKGROUND

The controversy in this case involves the interpretation of a will. The
plaintiff, William Raye ("Raye"), is the brother of Osgood. Their mother (Diane
W. Raye) died on February 7, 2007, leaving a will dated April 22, 1988, which has
been admitted to probate in Cumberland County.[2] According to Raye, Osgood
was specifically excluded from the will and he (Raye) is the beneficiary of the
remainder of the estate. He claims that a dispute has arisen over construction of
the will. His complaint seeks a declaratory judgment that defines the rights of

---

[1] David L. White is named only in his capacity as the personal representative of the Estate of
Diane W. Raye. Probate proceedings have been initiated in the Cumberland County Probate
court, docket no. 2007-0300-1. White has not answered or filed a separate response to the
complaint. Additionally, there is no proof of service of process upon White. Claims against him
are subject to dismissal. M.R.Civ.P. 3 requires that service of process be made upon a defendant
within 90 days of the filing of the complaint (April 30, 2007).

[2] The plaintiff states in his complaint that the will is attached as an exhibit, but it is not attached
and is not found in the file.

the parties; specifically, he asks this court to declare that Osgood is not entitled to take anything under the will.

Osgood filed the present motion to dismiss asserting that this court does not have jurisdiction to issue a declaratory judgment in this case and that the matter is not ripe for a decision at this time in this court.[3]

## III. DISCUSSION

### A. Superior Court Jurisdiction

Under the Declaratory Judgments Act, 14 M.R.S. §§ 5951, *et seq.*, any interested party under a will "may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status or other legal relations thereunder." 14 M.R.S. § 5954 (2006). The statute allows "[c]ourts of record within their respective jurisdictions" the ability to issue a declaratory judgment "whether or not further relief is or could be claimed." *Id.* at § 5953. Additionally, the court has discretion to refuse to issue a declaratory judgment if it "would not terminate the uncertainty or controversy giving rise to the proceeding." *Id.* at § 5958.

The Law Court has made clear, however, that the Declaratory Judgments Act "does not establish a *subject-matter jurisdiction* by which the Superior Court achieves power to act." *Walsh v. City of Brewer, Me.*, 342 A.2d 200, 210 (Me. 1974) (emphasis in original). Thus, the threshold question is whether the Superior Court has jurisdiction to issue a declaratory judgment in this case. 4 M.R.S. § 252

---

[3] This court takes judicial notice of the Probate Court docket entries for the Estate of Diane w. Raye. 16 M.R.S. §§ 402, 451. They note that a pretrial hearing is scheduled in the Probate Court on October 10, 2007 and do not indicate that as of the date of oral argument on the present motion (September 13, 2007) that Heidi Osgood had filed any claim or petition of contest.

grants concurrent equity jurisdiction to the Probate Court and to the Superior Court "of all cases and matters relating to the administration of the estates of deceased persons, to wills and to trusts which are created by will or other written instrument." According to the Law Court, "concurrent jurisdiction implies no preference for one forum over another." *Plimpton v. Gerrard*, 668 A.2d 882, 887 (Me. 1995). Furthermore, 14 M.R.S. § 6051 (10) clearly authorizes the Superior Court to grant equitable relief in cases involving the construction of wills.

Osgood argues that the Probate Court has exclusive jurisdiction over the administration of estates. 18-A M.R.S. § 1-302 does grant jurisdiction to the Probate Court "over all subject matter relating to . . . estates of the decedents, including construction of wills and determination of heirs and successors of decedents and estates of protected persons . . ." This section does not say that the Probate Court's jurisdiction in these matters is exclusive as it states in § 9-103.[4]

In addition to the statutory grant of jurisdiction, case law suggests that the Superior Court has jurisdiction to enter a declaratory judgment in this case. For example, when the administrator of an estate sought a declaratory judgment as to which beneficiaries under the will were entitled to certain property, the Law Court held that the administrator did not have "a substantial interest in having a judicial determination" of the controversy, and thus did not have standing to bring the suit. *Desmond v. Persina*, 381 A.2d 633, 638-639 (Me. 1978). The Court did not rule, however, that the Superior Court did not have jurisdiction at all to issue a declaratory judgment regarding the construction of a will, only that the

---

[4] For example, 18-A M.R.S. § 9-103 gives exclusive jurisdiction to the Probate Court over petitions for adoption and other related proceedings.

3

proper inquiry was "whether the plaintiff in his capacity of administrator" had the requisite "substantial interest." *Id.* at 638.

Nevertheless, 18-A M.R.S. § 3-105 gives the Probate Court "exclusive jurisdiction of informal and formal proceedings to determine how decedents' estates subject to the laws of this State are to be administered, expended and distributed." Moreover, the Law Court has stated that "the authority to resolve the contest over the distribution of assets under a will rests solely with the Probate Court." *Plimpton*, 668 A.2d at 888. Yet in *Plimpton*, the plaintiff was seeking a declaratory judgment to have a will set aside. *Id.* The Court held that the Superior Court was correct in its conclusion that it did not have jurisdiction. *Id.* However, a dispute over whether a will is valid at all is different from construing a valid document to determine who is entitled to property under its terms.

Whereas the plaintiff is seeking a declaratory judgment regarding the rights of the interested parties under the will that requires construction of the document, this court does have jurisdiction.

## B. Superior Court Exercise of Jurisdiction

As noted above, this court can decline to issue a declaratory judgment if it "would not terminate the uncertainty or controversy giving rise to the proceeding." 14 M.R.S. § 5958 (2006). The refusal to reach the merits of a case and issue a declaratory judgment is subject to review for abuse of discretion. *Dodge v. Town of Norridgewock*, 577 A.2d 346, 347 (Me. 1990). If a decision has already been rendered in a case, a party may not collaterally attack that judgment by seeking a declaratory action, but must instead seek appellate review. *Cline v. Maine Coast Nordic*, 1999 ME 72, ¶ 13, 728 A.2d 686, 689.

4

Osgood argues that it would be a waste of judicial resources for this court to allow this action to proceed. She contends that the will contains a significant ambiguity that must be resolved before the estate can be administered, and that the Probate Court is the only forum that may make that determination. She further asserts that Raye may seek a declaratory judgment only after the Probate Court has issued a decision regarding the alleged ambiguity.[5] As noted above, however, that would be a collateral attack on a final judgment, which is not allowed.

On the other hand, it does appear that Raye is trying to preempt a decision of the Probate Court that may be against his interest by convincing this court to issue a declaratory judgment in his favor. Assuming that the probate process is ongoing, the better approach, and in the interest of judicial economy, is for this court to decline to exercise its jurisdiction and allow the Probate Court to resolve the issue of construction of the will.

## IV. DECISION AND ORDER

The clerk will make the following entry as the Decision and Order of the Court.

> **A.** Although this Court does have jurisdiction to enter a declaratory judgment regarding the construction of the will, it declines to exercise jurisdiction. The matter is already pending in the Cumberland County Probate Court which court has full authority to decide the issues in controversy.
>
> **B.** Defendant Osgood's Motion to Dismiss is granted.
>
> **C.** Whereas David White was named only in his capacity as the personal representative of the estate, and he has not been served with process, no further controversy remains.

---

[5] It is unclear from the parties' pleadings if issues regarding construction of the will are currently pending before the Probate Court.

5

**D.** The court determines that there is no just reason for delay: Therefore, pursuant to M.R.Civ.P. 54(b) this Order acts as a final dismissal and judgment as to both defendants and all claims.

SO ORDERED.

Dated: October 4, 2007

Thomas E. Delahanty II
Justice, Superior Court

COURTS
nd County
ox 287
ie 04112-0287

GEORGE GLOVER ESQ
JAMES FORTIN ESQ
7   PLEASANT ST
BRUNSWICK ME 04011

COURTS
nd County
ox 287
ie 04112-0287

THOMAS HALLETT ESQ
PO BOX 7508
PORTLAND ME 04112