STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-345
*NM - KEN - 5/2 ·*

JERRY ASHLOCK,
and
BARBARA NICCOLI-HILTZ
and
RODNEY HILTZ,
individually and as next
friends of JANE DOE

Plaintiffs

v.                                              DECISION AND ORDER

CHRISTOPHER I. DUMAINE

Defendant

Plaintiffs Jerry Ashlock (Jane Doe's father), Barbara Niccoli-Hiltz (Jane Doe's mother), and Rodney Hiltz (Jane Doe's stepfather) have filed a complaint against the defendant and seek damages as individuals and as next friends of Jane Doe for negligent infliction of emotional distress, intentional infliction of emotional distress, breach of fiduciary duty, and punitive damages. The defendant moves pursuant to M.R. Civ. P. 12(b)(6) to dismiss the individual claims of these plaintiffs.

On this motion to dismiss, the court treats as admitted the material allegations of the complaint. Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995). The question for the court is whether those allegations create a legally sufficient claim upon which relief can be granted. Id. For the following reasons, the motion is granted in part and denied in part.

I. Count I: Negligent Infliction of Emotional Distress

There is no general duty to avoid negligently causing emotional harm to others. Curtis v. Porter, 2001 ME 158, ¶ 18, 784 A.2d 18, 25. The Law Court has "recognized a

1

duty to act reasonably to avoid emotional harm to others in very limited circumstances: first, in claims commonly referred to as bystander liability actions; and second, in circumstances in which a special relationship exists between the actor and the person emotionally harmed." Id. ¶ 19, 784 A.2d at 25.

The scope of the duty in parent bystander liability cases is limited to those situations in which parents actually witness their child receiving an injury. Cameron v. Pepin, 610 A.2d 279, 284 (Me. 1992). The plaintiffs argue that this case is distinguishable from Cameron and Curtis because the ongoing sexual relationship between the defendant and their daughter made them witnesses to the ongoing harms incurred by their daughter. There is no basis on which to extend the explicit requirement that parents actually witness the child receiving the injury. While these parents may have been subjected to witnessing the day-to-day harm of the injury, they did not witness their daughter receiving the injury itself.

Alternatively, plaintiffs must establish that defendant, as the educator of their daughter, is under a general obligation for their benefit as parents. Brian R. v. Watchtower Bible and Tract Society of NY, Inc., 1999 ME 144, ¶ 11, 738 A.2d 839, 844. Plaintiffs note that Brian R. dealt with liability of a third party church, not the perpetrator, and rely instead on Rowe v. Bennett. That case, however, concerns the person harmed and not the parents of the person harmed. Rowe v. Bennett, 514 A.2d 802, 807 (Me. 1986). In the absence of case law to the contrary, a teacher has no general obligation to the parents of his student to avoid negligently causing them emotional harm.

II. Count II: Intentional Infliction of Emotional Distress

In order to be liable for intentional infliction of emotional distress: (1) defendant must have intentionally or recklessly inflicted severe emotional distress to the parents

or must have been certain or substantially certain that such distress to the parents would result from his conduct; (2) the conduct must be "so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community"; (3) defendant's actions must cause the parents emotional distress; and (4) the parents emotional distress must be "so severe that no reasonable person could be expected to endure it." Curtis, ¶ 10, 784 A.2d at 22-23 (quoting Champagne v. Mid-Maine Medical Center, 1998 ME 87, ¶ 15, 711 A.2d 842, 847 (articulating the standard on a summary judgment motion)). The defendant argues that there are no allegations that he engaged in sexual acts with plaintiffs' daughter with the intent to cause them emotional distress or was certain or substantially certain that such distress to the parents would occur because of his actions.

The plaintiffs' allegations are sufficient to withstand a motion to dismiss. This court cannot say beyond doubt that the plaintiffs are entitled to no relief under any set of facts they might prove in support of count II. See Hall v. Board of Environmental Protection, 498 A.2d 260, 266 (Me. 1985); Champagne, ¶¶ 15-16, 711 A.2d at 847.

### III. Count II: Breach of Fiduciary Duty

[B]ecause the law does not generally require individuals to act for the benefit of others, the factual foundations of an alleged fiduciary relationship must be pled with specificity. Simple recitations of a trusting relationship will not suffice for identifying a fiduciary duty. In order to survive a motion to dismiss a clam for breach of fiduciary duty, the plaintiff must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship.

Brian R., ¶ 21, 738 A.2d at 846-47. Maine law has not recognized that a teacher owes a fiduciary duty to the parents of his student. There are no facts alleged that could give rise to a fiduciary relationship in this case.

## IV. Count I: Punitive Damages

The plaintiffs argue that defendant's actions were "so outrageous" that malice against them as injured parties can be implied and an award of punitive damages is available. Tuttle v. Raymond, 494 A.2d 1353, 1361 (Me. 1985). This determination is fact specific. Based on the allegations in count II, the court cannot conclude that the plaintiffs are entitled to no relief based on any set of facts they might prove. Hall, 498 A.2d at 266.

The entry is

> Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.
>
> Plaintiffs Jerry Ashlock, Barbara Niccoli-Hiltz, and Rodney Hiltz's individual claims in Counts I and III of Plaintiffs' Complaint are DISMISSED.
>
> Judgment is entered in favor of the Defendant and against Plaintiffs Jerry Ashlock, Barbara Niccoli-Hiltz, and Rodney Hiltz on their individual claims in Counts I and III.
>
> The Defendant's Motion to Dismiss Plaintiffs Jerry Ashlock, Barbara Niccoli-Hiltz, and Rodney Hiltz's individual claims in Counts II and IV is DENIED.

Date: May 30, 2008

Nancy Mills
Justice, Superior Court

JERRY ASHLOCK  - PLAINTIFF OBO                          SUPERIOR COURT
149 NORTH MAINE STREET                                  KENNEBEC, ss.
NORTH MONMOUTH ME 04265                                 Docket No  AUGSC-CV-2007-00345
Attorney for: JERRY ASHLOCK
MICHELLE ALLOTT  - RETAINED 11/26/2007
FARRIS LAW, P.A.                                        **DOCKET RECORD**
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120


BARBARA NICCOLI-HILTZ  - PLAINTIFF OBO
83 RED TOP DRIVE
MONMOUTH ME 04259
RODNEY HILTZ  - PLAINTIFF OBO
83 RED TOP DRIVE
MONMOUTH ME 04259


JANE DOE  - MINOR PLAINTIFF
vs
CHRISTOPHER I DUMAINE  - DEFENDANT
782 MAIN STREET,
READFIELD ME 04355
Attorney for: CHRISTOPHER I DUMAINE
WALTER MCKEE  - RETAINED
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


Attorney for: CHRISTOPHER I DUMAINE
JAMES A BILLINGS  - RETAINED
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


KENNEBEC SAVINGS BANK - TRUSTEE
GARDINER SAVINGS BANK - TRUSTEE
KEY BANK  - TRUSTEE
BANGOR SAVINGS BANK - TRUSTEE
BANK OF AMERICA - TRUSTEE
NORTHEAST BANK - TRUSTEE
TD BANKNORTH - TRUSTEE


Filing Document: COMPLAINT                    Minor Case Type: OTHER PERSONAL INJURY TORT
Filing Date: 11/26/2007

## Docket Events:

11/26/2007 FILING DOCUMENT - COMPLAINT FILED ON 11/26/2007


11/26/2007 Party(s):  JERRY ASHLOCK
           ATTORNEY - RETAINED ENTERED ON 11/26/2007
           Plaintiff's Attorney: MICHELLE ALLOTT


11/26/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 11/26/2007
           Plaintiff's Attorney:  MICHELLE ALLOTT

11/26/2007 Party(s): JERRY ASHLOCK,JANE DOE,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
MOTION - OTHER MOTION FILED ON 11/26/2007
Plaintiff's Attorney: MICHELLE ALLOTT
PLAINTIFF'S EXPARTE MOTION TO SEAL WITH PROPOSED ORDER.          COPIES GIVEN TO
ATTY. OF RECORD.

11/26/2007 Party(s): JERRY ASHLOCK,JANE DOE,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
MOTION - OTHER MOTION DENIED ON 11/26/2007
DONALD H MARDEN , JUSTICE
PLAINTIFF'S EXPARTE MOTION TO SEAL WITH PROPOSED ORDER.          COPIES GIVEN TO
ATTY. OF RECORD.

11/26/2007 Party(s): JERRY ASHLOCK,JANE DOE,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
MOTION - EX PARTE ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 11/26/2007
Plaintiff's Attorney: MICHELLE ALLOTT
WITH PROPOSED ORDER.

11/26/2007 Party(s): JERRY ASHLOCK,JANE DOE,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
MOTION - EX PARTE ATTACH/TRUSTEE PROC GRANTED ON 11/26/2007
DONALD H MARDEN , JUSTICE
COPY GIVEN IN HAND TO ATTY. OF RECORD.

12/11/2007 Party(s): KENNEBEC SAVINGS BANK
OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 12/10/2007
S/KELLEY MADORE LOAN OFFICER

12/13/2007 Party(s): GARDINER SAVINGS BANK
OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 12/12/2007
JYCE ST. AMAND ASST. VICE PRESIDENT

12/13/2007 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 12/13/2007
BANK OF AMERICA, SANDRA ALLEN, NORTHEAST LEGAL ORDER PROCESSING.

12/18/2007 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 12/17/2007
S/DIANA J.HOLT

12/21/2007 Party(s): CHRISTOPHER I DUMAINE
ATTORNEY - RETAINED ENTERED ON 12/21/2007
Defendant's Attorney: WALTER MCKEE

12/28/2007 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 12/13/2007
S/WILLIAM B SWALES, SENIOR V.P. BANGOR SAVINGS BANK

12/29/2007 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 12/27/2007
TARA SMITH, TD BANKNORTH

01/09/2008 Party(s): KENNEBEC SAVINGS BANK
SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 12/06/2007
SERVICE MADE ON WILLIAM HILL FOR KSB

01/09/2008 Party(s): GARDINER SAVINGS BANK
SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 12/06/2007

SERVICE MADE ON DONNA YORK (GSB)

01/09/2008 Party(s): TD BANKNORTH
SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 12/06/2007
SERVICE MADE ON DAN NICHOLS (TD BANKNORTH)

01/09/2008 Party(s): NORTHEAST BANK
SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 12/06/2007
SERVICE MADDE ON LIZA CRENSHAW (NORTHEAST BANK)

01/09/2008 Party(s): BANK OF AMERICA
SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 12/06/2007
SERVICE MADE ON BRENT VICNAIRE (BANK OF AMERICA)

01/09/2008 Party(s): BANGOR SAVINGS BANK
SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 02/06/2007
SERVICE MADE ON LORI HEYER (BSB)

01/09/2008 Party(s): KEY BANK
SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 12/06/2007
SERVICE MADE ON LORI HUDSON (KEY BANK)

01/11/2008 Party(s): CHRISTOPHER I DUMAINE
SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 12/28/2007
ACCEPTED BY WALTER MCKEE, ESQ. FOR C. DUMAINE

01/16/2008 Party(s): CHRISTOPHER I DUMAINE
RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 01/14/2008
Defendant's Attorney: WALTER MCKEE

02/01/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 10/01/2008

ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 01/18/2008
NANCY MILLS , JUSTICE

02/01/2008 ORDER - SCHEDULING ORDER ENTERED ON 01/18/2008
NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

02/07/2008 Party(s): CHRISTOPHER I DUMAINE
OTHER FILING - ENTRY OF APPEARANCE FILED ON 01/17/2008
Defendant's Attorney: JAMES A BILLINGS

02/07/2008 Party(s): CHRISTOPHER I DUMAINE
ATTORNEY - RETAINED ENTERED ON 01/17/2008
Defendant's Attorney: JAMES A BILLINGS

02/07/2008 Party(s): CHRISTOPHER I DUMAINE
MOTION - DISSOLVE ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 02/05/2008
Defendant's Attorney: WALTER MCKEE
DEFT'S MOTION TO DISSOLVE EX PARTE ATTACHMENT AND TRUSTEE PROCESS AND INCORPORATED
MEMORANDUM OF LAW, AFFIDAVITS OF WALTER F. MCKEE AND JAMES A. BILLINGS, REQUEST FOR

HEARING, PROPOSED ORDER.

02/07/2008 Party(s): CHRISTOPHER I DUMAINE
MOTION - MOTION TO DISMISS FILED ON 02/05/2008
Defendant's Attorney: WALTER MCKEE
DEFT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW, REQUEST FOR HEARING, PROPOSED
ORDER.

02/07/2008 Party(s): CHRISTOPHER I DUMAINE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/05/2008
Defendant's Attorney: WALTER MCKEE
NOTICE OF DEPOSITION OF LEIGHANN ASHLOCK, SERVED ON G. FARRIS, ESQ. ON 02/05/08.

02/27/2008 Party(s): JERRY ASHLOCK,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/26/2008
Plaintiff's Attorney: MICHELLE ALLOTT
PLTFS' OPPOSITION TO DEFT'S MOTION TO DISMISS, W/ INCORPORATED MEMORANDUM OF LAW.

02/27/2008 Party(s): JERRY ASHLOCK,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/26/2008
Plaintiff's Attorney: MICHELLE ALLOTT
PLTFS' OPPOSITION TO DEFT'S MOTION TO DISSOLVE EX PARTE ATTACHMENT AND TRUSTEE PROCESS W/
INCORPORATED MEMORANDUM OF LAW.

03/06/2008 Party(s): CHRISTOPHER I DUMAINE
OTHER FILING - REPLY MEMORANDUM FILED ON 03/04/2008
Defendant's Attorney: JAMES A BILLINGS
DEFT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

03/11/2008 Party(s): JERRY ASHLOCK,JANE DOE,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
MOTION - EX PARTE ATTACH/TRUSTEE PROC VACATED ON 02/29/2008
NANCY MILLS , JUSTICE

03/11/2008 ORDER - ATTACHMENT & TRUSTEE PROCESS ENTERED ON 02/29/2008
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL.   THE EX PARTE ORDER APPROVING ATTACHMENT & TRUSTEE PROCESS DATED
11/26/07 IS VACATED; ATTACHMENT & TRUSTEE PROCESS IN THE AMT OF $50,000 ARE APPROVED,
PROVIDED THAT THE FIRST $100 OF DEMAND BANK ACCOUNTS HELD BY ANY ONE TRUSTEE SHALL BE
EXEMPT FROM TRUSTEE PROCESS PURSUANT TO THIS ORDER.

03/11/2008 Party(s): CHRISTOPHER I DUMAINE
MOTION - DISSOLVE ATTACH/TRUSTEE PROC GRANTED ON 02/29/2008
NANCY MILLS , JUSTICE
COPIES TO PARTIES/COUNSEL                                        ORDER APPROVING
ATTACHMENT AND TRUSTEE PROCESS, 02/29/08

05/13/2008 Party(s): JERRY ASHLOCK,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
MOTION - MOTION TO DISMISS FILED ON 05/07/2008
Plaintiff's Attorney: MICHELLE ALLOTT
PARTIAL MOTION TO DISMISS.  PROPOSED ORDER.

05/29/2008 Party(s): JERRY ASHLOCK,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
MOTION - MOTION STAY OF PROCEEDINGS FILED ON 05/23/2008

Plaintiff's Attorney:  MICHELLE ALLOTT
MOTIONFOR STAY OF ALL DEADLINES.  PROPOSED ORDERS.

06/02/2008 Party(s):  JERRY ASHLOCK,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
        MOTION - MOTION TO DISMISS GRANTED ON 05/30/2008
        NANCY  MILLS , JUSTICE
        COPY TO ATTYS ALLOTT AND MCKEE

06/02/2008 Party(s):  JERRY ASHLOCK,BARBARA NICCOLI-HILTZ,RODNEY HILTZ
        MOTION - MOTION STAY OF PROCEEDINGS GRANTED ON 05/30/2008
        NANCY  MILLS , JUSTICE
        COPY TO ATTYS ALLOTT AND MCKEE

06/02/2008 FINDING - JUDGMENT DETERMINATION ENTERED ON 05/30/2008
        NANCY  MILLS , JUSTICE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
        ALLOTT AND MCKEE

        ORDER - COURT JUDGMENT ENTERED ON 05/30/2008
        NANCY  MILLS , JUSTICE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
        ALLOTT AND MCKEE
        Judgment entered on COUNT 1 for CHRISTOPHER I DUMAINE and against JERRY ASHLOCK, BARBARA
        NICCOLI-HILTZ, RODNEY HILTZ.
        Judgment entered on COUNT 3 for CHRISTOPHER I DUMAINE and against JERRY ASHLOCK, BARBARA
        NICCOLI-HILTZ, RODNEY HILTZ.

06/02/2008 Party(s):  CHRISTOPHER I DUMAINE
        MOTION - MOTION TO DISMISS GRANTED ON 05/30/2008
        NANCY  MILLS , JUSTICE
        COUNTS I AND III

06/02/2008 Party(s):  CHRISTOPHER I DUMAINE
        MOTION - MOTION TO DISMISS DENIED ON 05/30/2008
        NANCY  MILLS , JUSTICE
        COUNTS II AND IV

A TRUE COPY
ATTEST: _____
                  Clerk