STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         Civil Action
                                                  Docket No. CV-16-4

BRENDAN LEVIN,

        Plaintiff,

v.                                                ORDER

WAYFARER, LLC, WICKED TAILS, LLC,
HARBOR CAPITAL, LLC, MILLS ROAD,
LLC, SCOTT LEWIS and DEIRDRE LEWIS

        Defendants.

Plaintiff Brendan Levin has brought this action to recover wages and other bonuses he claims are due to him for his work as the head chef of the Wayfarer Restaurant in Kennebunkport from August 2013 to May 2015. Before the court at this time is a motion to dismiss filed by defendants, Harbor Capital, LLC (Harbor Capital) and Mills Road Associates, LLC (Mills Road), on the grounds that the complaint fails to state a cognizable claim against them.

In ruling on a motion to dismiss, the court views the facts in the complaint as admitted, *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, and then considers whether the complaint "sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Doe v. Graham*, 2009 ME 88, ¶ 2, 977 A.2d 391 (citation omitted). To dismiss for failure to state a claim, the court must determine it is "beyond doubt that [the] plaintiff is entitled to no relief under any set of

---

[1] Five of the seven counts in the complaint involve Harbor Capital and Mills Road and are at issue here—namely, count I (timely and full payment of wages under 26 M.R.S. §§ 621-A *et seq.*), count III (breach of contract), count IV (quantum meruit), count VI (unjust enrichment), and count VII (injunctive relief, including request for an equitable accounting). The remaining two counts—count II (violation of Maine's minimum wage law, 26 M.R.S. § 641(1)) and count V (conversion)—involve only defendants Wicked Tails, LLC (count II) and Scott and Deirdre Lewis (count V).

1

facts that might be proven in support of the claim.'" *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). Even accepting all allegations in the complaint as true and reading them in the light most favorable to plaintiff, there is no basis on which plaintiff may assert a claim against Harbor Capital and Mills Road for unpaid wages, breach of contract, or the other equitable relief sought.

Plaintiff's claims against Harbor Capital and Mills Road rest entirely upon application of the so-called "integrated enterprise" theory that they and the other entities named in the complaint should be considered as a single employer or entity for purposes of the relief requested. In other words, Levin asserts that even though Wayfarer LLC is the only entity with whom he entered into an employment contract (Exhibit A) and the only entity operating the restaurant for whom he worked[2], Harbor Capital and Mills Road, two independently owned limited liability companies, are jointly liable for his wages and bonuses arising out of his employment because they and Wayfarer LLC are "integrated enterprises". Similarly, even though the complaint makes no assertions that Levin rendered any services to Harbor Capital or Mills Road, they, too, are liable to him under the theories of quantum meruit and unjust enrichment based on the application of this doctrine.

The integrated enterprise theory was originally developed under the National Labor Relations Act to determine whether interrelated companies should be treated as one entity for purposes of federal labor law, and has been applied by a number of federal courts to federal employment discrimination claims against employers. *See, e.g. Romano v. U-Haul Int'l*, 233 F.3d 655, 662 (1st Cir. 2000); *Donahue v. Clair Car*

---

[2] The complaint does allege that Levin also provided limited services directly to Wicked Tails, LLC, and that is the basis at least for the statutory claim in count II. Wicked Tails has not sought dismissal of any of the other claims.

*Connection, Inc.*, 736 F. Supp.2d 294, 314 (D. Me. 2010); *Anderson v. Theriault Tree Harvesting, Inc.*, 2009 WL 2490119 (D. Me. August 13, 2009). Under some federal case law, separate entities may be considered a single "employer" for the purposes of Title VII liability where there is "(1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership."[3] *Romano*, 233 F.3d at 662.

Plaintiff cites the case of *Batchelder v. Realty Res. Hospitality, LLC*, 2007 ME 17, ¶ 6, 914 A.2d 1116 in support of his argument that the integrated enterprise theory has been recognized in Maine and ought to be applied here as the basis for treating Harbor Capital, Mills Road and Wayfarer LLC as one, single, integrated employer. The court does not read the *Batchelder* case to support plaintiff's argument.

The Law Court has not adopted the integrated enterprise theory. The Court in *Batchelder* was quite clear: "We do not now decide whether to adopt the integrated enterprise theory in Maine, nor do we decide what formulation of the theory[4] is preferable." *Id.* at ¶ 10. Though *Batchelder* did not find the trial court's jury instruction incorporating the *Romano v. U-Haul Int'l* standard to be "obvious error," *id.* ¶ 11, the Court was nonetheless clear that the theory "has never, however, been adopted as the law of Maine." *Id.* ¶ 8. Five years later, in 2012, the Court reaffirmed this position. *Daniels v. Narraguagus Bay Health Care Facility*, 2012 ME 80, ¶ 25, 45 A.3d 722 ("We have not yet decided whether to adopt the integrated enterprise theory").

---

[3] Other federal courts have adopted a much narrower version of the "integrated enterprise" concept. *See e.g., Papa v. Katy Indus., Inc.*, 166 F.3d 937, 939-41 (7ᵗʰ Cir. 1999) (parent corporation is liable for employer entity's debts; corporation divides into smaller entities to avoid liability; parent corporation directs discriminatory acts of subsidiary).

[4] *Batchelder* referenced the alternate (and narrower) interpretation of the integrated enterprise theory that has been recognized in by at least one other federal appeals court (*see* Note 3, above). *Batchelder*, 2007 ME 17, ¶10 n.4, 914 A.2d 1116.

Moreover, plaintiff has cited no authority, and the court is aware of none, that extends or applies this theory beyond the context of federal labor law or employment discrimination law. The *Batchelder* case, like *Daniels v. Narraguagus Bay Health Care Facility* and the federal cases cited, considered and applied the integrated enterprise theory in entirely different contexts, and did so as to a parent company or the sibling companies of the employer entity in issue. By contrast, the instant case involves a claim for unpaid wages and compensation under a state statute, an employment contract and other equitable remedies, and as against distinct legal entities that do not have any shared ownership with the entity employing plaintiff.

Therefore, the court concludes that the integrated enterprise theory has not yet been adopted in Maine. The court declines to apply it in this case.

Accordingly, Harbor Capital, LLC and Mills Road Associates, LLC's motion to dismiss the complaint is GRANTED.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED**

DATE: August 9 , 2016

Wayne R. Douglas
Justice, Superior Court