STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Doc. No. CV-17-29

RICHARD E. CRANSTON,

                Plaintiff

        v.                                        ORDER ON DEFENDANTS'
                                                  MOTION TO DISMISS
NEW ENGLAND FIBERGLASS,
INC. and JOSEPH DAVID HOAR,

                Defendants

Before the court is defendants' motion to dismiss plaintiff's complaint. For the

following reasons, the motion is denied.

REC'D CUMB CLERKS OF
MAY 9 '17 PM2:03

I.      Background

According to plaintiff Richard Cranston's Complaint, plaintiff owns a 1989 Pursuit

Cuddy 2000 outboard motorboat. In September 2014, plaintiff brought the boat to

defendant New England Fiberglass, Inc. (NEF) for repairs. There, plaintiff spoke with

defendant Hoar. Plaintiff contends that defendant Hoar told plaintiff that for $1,500.00,

defendant Hoar would "perform cosmetic repairs to the entire hull, filling every visible

hole, scratch and ding, wax and polish the boat and otherwise put the Boat in excellent

cosmetic condition." (Pl.'s Compl. ¶ 6). Plaintiff alleges that he authorized that work, as

well as repair to the Boat's forward hatch, bow pulpit, rod holders, battery boxes, and

bow eye. In December 2014, plaintiff alleges that he received an invoice from NEF for

$10,480.00. The work had not been completed. Plaintiff paid the full amount of the

invoice.

In January 2015, NEF closed its doors and defendant Hoar ceased repairing the boat.

Defendant Hoar moved the boat to his new employer, Portland Yacht Services, and

1

abandoned it outside. Plaintiff complains that defendants never performed the contracted for work and that the boat filled with water and leaves and became moldy and dirty. Plaintiff attests that the defendants caused damage to the steering cable, the hatch, and the forward deck hatch.

In his complaint, plaintiff pleads a breach of contract by defendant NEF, a violation of the Maine Unfair Trade Practices Act by both defendants, personal liability on the part of defendant Hoar for defendant NEF's actions, and fraud on the part of defendant Hoar. Defendants move to dismiss plaintiff's complaint.

II.    Standard of Review

On review of a motion to dismiss for failure to state a claim, the court accepts the facts alleged in plaintiffs' complaint as admitted. Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830. The court "examine[s] the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Doe v. Graham, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting Saunders, 2006 ME 94, ¶ 8). "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" Dragomir v. Spring Harbor Hosp., 2009 ME 51, ¶ 15, 970 A.2d 310 (quoting Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995)).

III.    Discussion

a.    Improper Defendant

Defendants move the court to dismiss plaintiff's complaint for failure to name the proper party and for insufficient service of process. M.R. Civ. P. 12(b)(2), (4), (5). The

2

court has granted plaintiff's motion to amend to add New England Fiberglass Co. as a defendant. The amended complaint will be served pursuant to Rule 5. M.R. Civ. P. 15(a), 5.

b. Breach of Contract

Defendant NEF moves the court to dismiss plaintiff's claim for breach of contract for failure to state a claim upon which relief may be granted. M.R. Civ. P. 12(b)(6). Defendant NEF argues that plaintiff did not plead specifics of the contract sufficient to make out a claim for breach thereof. See Me. Energy Recovery Co. v. United Steel Structures, Inc., 1999 ME 31, ¶ 7, 724 A.2d 1248. Plaintiff alleges that the parties agreed NEF would "perform cosmetic repairs to the entire hull, filling every visible hole, scratch and ding, wax and polish the boat and otherwise put the boat in excellent cosmetic condition" in exchange for $1500. (Pl.'s Compl. ¶ 6). Plaintiff alleges further that he paid $10,480.00 to defendants, the contracted for work was not completed, the work that was done was of poor quality, and the boat was damaged. Plaintiff has pleaded sufficient facts to survive defendant NEF's motion to dismiss the breach of contract claim.

c. Maine Unfair Trade Practices Act

Defendants move the court to dismiss plaintiffs claim for violation of the Maine Unfair Trade Practices Act for failure to state a claim upon which relief may be granted. M.R. Civ. P. 12(b)(6). Maine's UTPA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 5 M.R.S. § 207. "To justify a finding of unfairness, the act or practice: (1) must cause, or be likely to cause, substantial injury to consumers; (2) that is not reasonably avoidable by consumers; and (3) that is not outweighed by any countervailing benefits to consumers or

3

competition." State v. Weinschenk, 2005 ME 28, ¶ 16, 868 A.2d 200. Plaintiff has alleged defendants did not complete the work, performed work of poor quality, overcharged plaintiff, and damaged the boat. Plaintiff has pleaded sufficient facts to make out a claim for violation of Maine's UTPA.

### d. Individual Liability under Maine's UTPA

Plaintiff seeks recovery from defendant Hoar individually pursuant to Maine's UTPA. Defendant Hoar seeks dismissal of this count for failure to state a claim upon which relief may be granted. M.R. Civ. P. 12(b)(6). Courts may disregard the corporate form and pierce the corporate veil where there is evidence of "(1) some manner of dominating, abusing, or misusing the corporate form; and (2) an unjust or inequitable result that would arise if the court recognized the separate corporate existence." Johnson v. Exclusive Props. Unlimited, 1998 ME 244, ¶ 6, 720 A.2d 568. Plaintiff alleges that defendant Hoar should be held individually liable for damage to plaintiff's boat because defendant Hoar "managed NEF with utter disregard for the norms of separate corporate governance, he caused it to become undercapitalized and insolvent, he comingled its assets with his own, and he otherwise abused the privilege of maintaining a separate corporate identity for NEF." (Pl.'s Compl. ¶ 22). Plaintiff's allegation that defendant Hoar comingled NEF assets with his own is sufficient to allege misuse of the corporate form. Plaintiff alleges further that he would be harmed by a court finding that NEF is distinct from defendant Hoar. Finally, plaintiff alleges defendant Hoar's actions were intentional. See State v. Price-Rite Fuel, Inc., 2011 ME 76, ¶ 17, 24 A.3d 81. The court denies defendant Hoar's motion to dismiss plaintiff's claim for individual liability under Maine's UTPA.

4

e. Fraud

Defendants seek dismissal of plaintiff's claim for fraud on two grounds. First, defendants argue that plaintiff has not pleaded fraud with specificity and, second, that plaintiff's claim for fraud is barred by the economic loss doctrine. Plaintiff alleges that defendants invoiced plaintiff $10,480.00 knowing that NEF would close and that the work would never be done. Plaintiff alleges further that he paid the invoice, the work was not completed or was poorly done, and the boat was damaged. (Pl.'s Compl. ¶¶ 12-18, 24). Plaintiff's allegations are pled with enough specificity to survive defendant's motion to dismiss. See Me. Eye Care Asscos., P.A. v. Gorman, 2008 ME 36, ¶ 12, 942 A.2d 707.

The Law Court has not found that the economic loss doctrine bars claims for fraud. "Although the economic loss doctrine typically bars tort claims for wholly economic losses, Maine courts have held that the economic loss rule is inapplicable to fraud claims because in such claims, 'Plaintiff's injury is sustained at the time he makes the purchase in reliance on Defendant's purposeful misrepresentation.'" Valley v. Branch River Plastics, No. BCD-CV-13-15, 2014 Me. Super. LEXIS 276, at *24 (Nov. 5, 2014); citing Everest v. Leviton Mfg. Co., CV-04-216, 2006 Me. Super. LEXIS 12, at *6 (Jan. 13, 2006).

The entry is

Defendants' motion to dismiss is DENIED.

Date: May 9, 2017

_____
Nancy Mills
Justice, Superior Court

5